IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

1:06CV500-T

Name **BRIAN SCOTT PATE**

Prison Number **229345**

Place of Confinement **KILBY CORRECTIONAL FACILITY, P.O. BOX 150, MT MEIGS, AL 36057**

Action No. **O6-75-KD-C**
(To be supplied by Clerk of U. S. District Court)

**BRIAN SCOTT PATE** (PETITIONER)
(Full name under which you were convicted)

v.

**TERRANCE McDONNELL; ET AL** (RESPONDENT)
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

FILED FEB 10 '06 PM 1:09 USDCALS

PETITION FOR WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY

Instructions - Read Carefully

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5, your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must complete the "Motion to Proceed Without Prepayment of Fees and Costs" form mailed to you with this form, and have an authorized officer at the jail or prison complete the attached financial statement. The completed forms must be returned to the federal court clerk in Mobile.

Revised 6/3/96

Even if the court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $5.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be required to pay an amount, based on your assets, of up to the greater of 20% of your average monthly balance in your prison account, or your average monthly balance for six months immediately preceding the filing of your petition. Thereafter, your prison account will be garnished at the rate of 20% of your monthly income until the filing fee is paid.

(5) Only convictions entered by one court at the same time may be challenged in a single petition. If you seek to challenge convictions entered by different courts in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the <u>original</u> and <u>two copies</u> must be mailed to the Clerk of the United States District Court whose address is 113 Saint Joseph Street, Mobile, Alabama 36602.

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

(9) You <u>must immediately</u> advise the Court of any change in your address, e.g., if you are released, transferred, moved, etc. Failure to notify the Court of your new address will result in the dismissal of this petition for failure to prosecute and to obey the Court's order.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Circuit Court of _HOUSTON_ County, Alabama; Case Number _CC-2002-1461.60 - 1452.60_ Judge _LARRY ANDERSON_. Other court, and case number, if not Circuit Court: _____

2

2. Date of judgment of conviction  MARCH 6, 2003

3. Length of sentence  (12)-20 YEAR SENTENCES TO RUN CONSECUTIVE (240 YRS)

4. Nature of offense involved (all counts)  10 COUNTS 2ND DEGREE RAPE, 2-COUNTS 2ND DEGREE SODOMY

5. What was your plea?   (Check one)

    (a) Not guilty _____

    (b) Guilty  X

    (c) Nolo contendere _____

6. Kind of trial:   (Check one)

    (a) Jury _____

    (b) Judge only  X

7. Did you testify at the trial?  Yes _____  No  X

8. Did you appeal from the judgment of conviction?

    Yes _____  No  X

9. If you did not appeal, explain briefly why you did not:

    JUDGE ANDERSON INSTRUCTED PETITIONER HE LOST HIS RIGHT TO APPEAL BY PLEADING GUILTY. MR CRESPI, PETITIONERS TRIAL ATTORNEY REFUSED TO APPEAL

10. If you did appeal, answer the following:
    (a) Name of court  N/A

    (b) Result _____

    (c) Date of result _____

    (d) Did you file a petition for rehearing?

        Yes _____  No _____;  if yes, what was the result?

3

_____

_____

When did the court rule on your petition? __N/A__

(e) Did you file a petition for certiorari?

Yes _____ No _____; if yes, what was the result?

_____

_____

When did the court rule on your petition? _____

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions (Rule 20, Rule 32, Error Coram Nobis, Habeas Corpus), applications, or motions with respect to this judgment in any state court?
Yes __X__ No _____

12. If your answer to 11. was "yes," give the following information:
   (a)(1) Name of court __HOUSTON COUNTY__ Date filed: __5/17/04__

   (2) Nature of proceeding (Rule 32, Rule 20, etc.)

   __RULE 32__

   (3) Grounds raised _____

   _____

   _____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, application, or motion? Yes __X__ No _____

   (5) Result __DENIED__

   (6) Date of result __WRITTEN NOTICE RECEIVED 12-2-04__

   (b) As to any second petition, application or motion, give the same information:
   (1) Name of court _____ Date filed: _____

4

(2) Nature of proceeding _____

(3) Grounds raised _____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application, or motion?  Yes _____  No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:
  (1) Name of court _____; Date filed: _____

(2) Nature of proceeding _____

(3) Grounds raised _____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application, or motion?  Yes _____  No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion? *ALABAMA SUPREME COURT*

  (1) First petition, etc.     Yes  **X**   No _____
    Date filed: **3/9/05**    Result: **DENIED**
    Date of result: **5/13/05**

  (2) Second petition, etc.   Yes _____   No _____

5

Date filed: _____   Result: _____

Date of result: _____

(3) Third petition, etc.   Yes _____   No _____

Date filed: _____   Result: _____

Date of result: _____

(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

13. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

Caution: In order to proceed in the federal court, you must first exhaust your state court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

<u>Do not check</u> any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

6

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: CONVICTION OBTAINED BY A PLEA OF GUILTY, WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY WITH UNDERSTANDING OF THE NATURE OF THE CHARGES AND THE CONSEQUENCES OF THE PLEA

1. Supporting FACTS (tell your story briefly without citing cases or law): SEE ATTACHMENT 1, PAGE 1, A.

2. Did you raise this claim before the state courts on:

Direct appeal: Yes ____ No X

Rule 20/32 Petition: Yes X No ____

Error Coram Nobis: Yes ____ No X

State Habeas Corpus: Yes ____ No X

3. If you did not raise this claim before the state courts,

7

tell why you did not: _____

_____

_____

B. Ground two: <u>DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.</u>

_____

1. Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): <u>SEE ATTACHMENT 1, PAGE 2, B</u>

_____

_____

2. Did you raise this claim before the state courts on:

Direct appeal: Yes _____ No <u>X</u>

Rule 20/32 Petition: Yes <u>X</u> No _____

Error Coram Nobis: Yes _____ No <u>X</u>

State Habeas Corpus: Yes _____ No <u>X</u>

3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

C. Ground three: <u>DENIAL OF RIGHT TO APPEAL</u>

_____

1. Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): <u>SEE ATTACHMENT 1, PAGE 2, C.</u>

_____

8

2. Did you raise this claim before the state courts on:

Direct appeal: Yes _____ No _X_

Rule 20/32 Petition: Yes _X_ No _____

Error Coram Nobis: Yes _____ No _X_

State Habeas Corpus: Yes _____ No _X_

3. If you did not raise this claim before the state courts, tell why you did not: _____

D. Ground four: THE COURT WAS WITHOUT JURISDICTION TO ACCEPT GUILTY PLEA AND TO ENTER JUDGEMENT AND PRONOUNCE SENTENCE, DUE TO THE INDICTMENT BEING IMPROPER AND THUS VOID.

1. Supporting FACTS (tell your story briefly without citing cases or law): SEE ATTACHMENT 1, PAGE 3, D

2. Did you raise this claim before the state courts on:

Direct appeal: Yes _____ No _X_

Rule 20/32 Petition: Yes _X_ No _____

Error Coram Nobis: Yes _____ No _X_

State Habeas Corpus: Yes _____ No _X_

3. If you did not raise this claim before the state courts, tell why you did not: _____

9

14. A. Have any of the grounds listed in this present habeas corpus petition ever been raised by you in any other <u>federal</u> habeas corpus petition? Yes _____ No __X__. If yes, which grounds?

State the name and case number of your previous federal habeas corpus petition: _____

B. Have you previously filed a habeas corpus petition attacking this present conviction in this or any other federal court? Yes _____ No __X__. If yes, state the name and case number of your previous federal habeas corpus petition: _____

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes _____ No __X__. If yes, name the court:

and state the name and case number of the petition or appeal:

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _N/A_

(b) At arraignment and plea _MICHAEL CRESPI_
_308 WEST ADAMS ST., DOTHAN, AL. 36302-0935_

(c) At trial _N/A_

(d) At sentencing _MICHAEL CRESPI_
_308 WEST ADAMS ST., DOTHAN, AL 36302-0935_

10

# ATTACHMENT 1

## GROUNDS

**A. Conviction was obtained by a plea of guilty, which was unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the plea.**

On the advice of counsel, Petitioner plead guilty to Count 2 on the twelve (12) separate indictments, ten (10) for Rape 2nd Degree and two (2) for Sodomy 2nd Degree. The Petitioner signed a plea agreement, which stated he would receive from 2 - 20 years for entering his guilty plea. There was to be NO recommendation from the District Attorney as to length of sentence. During the Colloquy the Court advised the Petitioner that the minimum sentence he could receive was two (2) years and the maximum sentence he could receive was twenty (20) years. Petitioner plead guilty to the indictments, on the advice of his defense counsel, expecting to receive no more than twenty (20) years.

During the sentencing phase the District Attorney breached the plea agreement and recommended the maximum amount of time possible. The Court sentenced the Petitioner to twenty (20) years on Count 2 of each of the twelve- (12) indictments to run consecutively, for a total sentence of two hundred and forty (240) years.

Petitioner asserts that if the Court or his Defense Counsel would have explained the PROPER maximum time (240 years) that he could receive by entering a guilty plea, which would be the maximum he could receive if he demanded a jury trial, he would NOT have plead guilty. The Court wavered from the plea agreement, which was a maximum of twenty (20) years, when it sentenced the Petitioner to 240 years.

This failure of the Court to explain the proper minimum and maximum sentence, the Petitioner could receive by entering a guilty plea, denied the Petitioner Due Process as guaranteed him by the 6th Amendment to the United States Constitution.

1

B. **Denial of Effective Assistance of Counsel.**

Petitioner avers that his Defense Counsel was ineffective when he instructed the Petitioner to plead guilty. Defense Counsel informed the Petitioner that he would receive a maximum of twenty (20) years in exchange for his plea of guilty on Count 2 of each of the twelve- (12) indictments. At no time did Defense counsel explain to the Petitioner the difference between concurrent and consecutive sentences, and that he could possibly receive as much as 240 years if the sentences were to run consecutive.

When the Court sentenced the Petitioner to twelve (12) consecutive twenty (20) year sentences, Defense Counsel should have moved to withdraw the guilty plea, once he realized the Court did not comply with the plea agreement of two (2) to twenty (20) years. Defense Counsels failure to object to the Courts not complying to the plea agreement and failure to Move to withdraw the guilty plea, denied his client effective representation as guaranteed by the 6th Amendment to the United States Constitution.

C. **Denial of right to appeal.**

The Court during colloquy instructed petitioner, that he was giving up his right to appeal by entering a guilty plea. This was an improper instruction by the Court. A guilty plea DOES NOT bar a defendant from ALL rights to appeal.

After the petitioner found out he did have a right to appeal jurisdictional issues, he contacted his Trial Counsel and requested he file an appeal on Petitioners behalf. Petitioners Trial Counsel informed the Petitioner he was no longer his attorney, even though the Court Record does not show where Defense Counsel filed a Motion with the Court to be released of his duty as counsel for the Petitioner, nor does the Record show where the Court issued an order releasing him from his duty as counsel for the Petitioner.

2

Defense counsels failure to submit a Notice of Appeal and ultimately an Appeal Brief for the Petitioner, in a timely manner, resulted in the Petitioner being time bared from filing a Direct appeal.

D. **The Court was without Jurisdiction to accept a guilty plea and to enter judgement and pronounce sentence, due to the indictments being improper and thus void.**

The Petitioner was arrested on twelve (12) separate indictments, ten (10) of which charged the Petitioner with: **Count 1** Rape 1st Degree and **Count 2** Rape 2nd Degree, and two (2) of which charged: **Count 1** Sodomy 1st Degree and **Count 2** Sodomy 2nd Degree.

These were improper indictments. The Code of Alabama specifies that 2nd Degree rape and 2nd Degree Sodomy are NOT Lesser Included Offenses of 1st degree Rape and 1st Degree Sodomy, since the elements of the two degrees are different. Namely the age of the victim in 1st Degree Rape and/or Sodomy is 16 years of age or older and the age for 2nd Degree Rape and/or sodomy is under 16 years of age.

It must be impossible to commit the greater offense of 1st Degree Rape and/or Sodomy without first committing the lesser offense of 2nd Degree Rape and/or Sodomy. Petitioner asserts that the District Attorney included the 1st Degree Rape and Sodomy charges as a leverage tool to extract a guilty plea from the Petitioner, or in the event of trial by jury, to inflame the jury to set the appearance that the Petitioner was more likely to be guilty because of the multiple counts and charges and therefore he could almost ensure a guilty verdict.

Since the elements of 1st Degree Rape and/or Sodomy are different from the elements of 2nd Degree rape and/or Sodomy, the 2nd Degree offenses are not lesser included offenses of the 1st Degree offenses. Therefore the indictments were improper and VOID and the Court was without jurisdiction to accept the guilty plea on the lesser included offenses.

3

**E. Petitioner was denied Due Process by the Appellate Courts of Alabama, when they denied his Notice of Appeal on his Rule 32 as being Untimely Filed.**

Petitioner was granted an evidentiary hearing on his Rule 32 by Houston County Circuit Court on 11/19/04. He received written notice of the denial by the Circuit Court of his Rule 32 Petition on 12/2/04. Petitioner filed written Notice of Appeal on 1/6/05. Houston County Circuit Court objected to the Notice of Appeal to the Alabama Criminal Court of Appeals as being untimely filed. The Alabama Criminal Court of Appeals dismissed the Petitioners Notice of appeal as being untimely filed.

Petitioner appealed the decision to the Alabama Court of Criminal Appeals, stating the 42-day grace period for filing Notice of Appeal had not expired. The Alabama Court of Criminal Appeals denied the Petitioners Appeal. The Petitioner then filed a Motion for re-hearing to the Alabama Court of Criminal Appeals, which was denied. Petitioner then filed a Petition for Writ of Certiorari to the Alabama Supreme Court, challenging the decision by the lower court, which was denied.

Petitioner asserts he was unjustly denied his right to appeal the dismissal of his Rule 32 Petition, by the Circuit Court of Houston County, The Alabama Court of Criminal Appeals and the Supreme Court of Alabama. Petitioner was not untimely in his filing Notice of Appeal therefore the Courts of Alabama denied him Due Process.

4



Chandler, Deborah Hunt
U.S. District Court
for the Southern District of Alabama
113 St. Joseph Street
Mobile, AL. 36602

MIME-Version:1.0 From:efile_information@alsd.uscourts.gov To:efile_notice@alsdei.alsd.uscourts.gov Bcc: Message-Id:<485245@alsd.uscourts.gov>Subject:Activity in Case 1:06-cv-00075-KD-C Pate v. McDonnell et al "Petition for Writ of Habeas Corpus" Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

Southern District of Alabama - District Version 2.5

Notice of Electronic Filing

The following transaction was received from entered on 2/13/2006 at 8:50 AM CST and filed on 2/10/2006

| | |
|---|---|
| **Case Name:** | Pate v. McDonnell et al |
| **Case Number:** | 1:06-cv-75 |
| **Filer:** | Brian Scott Pate |
| **Document Number:** | 1 |

**Docket Text:**
PETITION for Writ of Habeas Corpus , filed by Brian Scott Pate; ref to Judge Cassady.(cmj, )

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1026491878 [Date=2/13/2006] [FileNumber=485243-0]
[abfe78623d543d8e1010c696845ccb6153c872e6e4cded4925c37dc07ca9b5fe4dda
42691aa4a43614a8752a4b8ed74a4298df75bef9414d75c5d229e211d7d9]]

**1:06-cv-75 Notice will be electronically mailed to:**
**1:06-cv-75 Notice will be delivered by other means to:**
Brian Scott Pate
#229345
P.O. Box 150
Mt. Miegs, AL 36057