IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN SCOTT PATE, | : | |
| Petitioner, | : | 1:06CV500-T |
| vs. | : | CIVIL ACTION 06-0075-KD-C |
| TERRANCE MCDONNELL, | : | |
| Respondent. | : | |

## ORDER

Petitioner filed a petition for the writ of habeas corpus in this Court on a court-provided form under 28 U.S.C. § 2254 together with a Motion to Proceed Without Prepayment of Fees. An examination of Petitioner's motion (Doc. 2) shows that Petitioner's economic situation is such that the imposition of the cost of filing would not work an undue hardship upon Petitioner. Petitioner's motion, therefore, is DENIED. In view of this, it is ORDERED that Petitioner shall remit to the Clerk of the United States District Court for this District, within fifteen (15) days, a money order for $5.00 made payable to "Charles R. Diard, Jr., Clerk."

This order does not preclude Petitioner's proceeding in forma pauperis with respect to other Court costs where the necessary requisites are met. Failure to comply with this order in a timely manner will result in the dismissal of this action.

If the money order is not timely received by the Clerk, the Clerk is directed to forward this file to the Magistrate Judge for dismissal for failure to prosecute.

If the money order is timely received by the Clerk, the Clerk is respectfully requested to

3

cause to be served in accordance with this Court's standing order dated February 1, 1994, a copy of the petition (Doc. 1) and this order on the Respondent Terrance McDonnell, Kilby Correctional Facility, P. O. Box 150, Mt. Meigs, Alabama 36057, and the Attorney General of the State of Alabama.

Respondent shall, within twenty (20) days after service on the Attorney General, answer and show cause why the writ should not be granted. The answer shall strictly comply with the requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts, which requires, in pertinent part, that the answer "indicate what transcripts (of pretrial, trial, sentencing, and post conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed." Rule 5 also requires that Respondent attach to the answer such portions of the transcript deemed relevant. Additionally, Respondent should make specific reference to 28 U.S.C. § 2244(d) which provides that

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent is advised that the answer should contain a procedural history from which the Court can determine the applicability of 28 U.S.C. § 2244(d). In so doing, Respondent shall provide the Court with copies of documents indicating the disposition of the case in the state

appellate court, including, but not limited to, the case action summary maintained by the trial court, all state court appellate decisions, docket sheet(s) indicating the dates of such decisions, and copies of the briefs filed in the state court. Moreover, where Petitioner alleges ineffective assistance of counsel or insufficiency of the evidence, the entire trial record must be filed. The entire trial record should also be filed if Respondent asserts that a ruling of the trial court is entitled to a presumption of correctness or if Respondent defends on grounds that a particular ruling did not render the trial "fundamentally unfair" or that a particular error is "harmless error."

The Magistrate Judge recognizes that the burden of producing the state court record is sometimes unduly onerous. However, it is clear that under the procedure governing habeas corpus actions, "[t]he obligation to come forward with the state court record is squarely upon the respondent, not upon the petitioner." Bundy v. Wainwright, 808 F.3d 1410, 1415 (11th Cir. 1987).

The Court deems motions to dismiss, motions for summary judgment, and motions for a default judgment inappropriate in cases proceeding pursuant to 28 U.S.C. § 2254. See Rule 11, Federal Rules Governing § 2254 Cases in the United States District Courts (motions for summary judgment and motions to dismiss are unnecessary in a habeas corpus proceeding); McBride v. Sharpe, 25 F.3d 962 (11th Cir. 1994) (summary judgment rules are generally inapplicable in habeas cases); Aziz v. Leferve 830 F.2d 184, 187 (11th Cir. 1987) (motions for a default judgment are not contemplated in habeas corpus actions). Therefore, said motions are not to be filed without seeking and obtaining permission from this Court.

The Federal Rules of Civil Procedure require that Petitioner mail to counsel for Respondent a true copy of anything which Petitioner sends to the Court, including letters.

Anything filed shall specifically state that it has been served on counsel for Respondent.

If Petitioner moves to a different institution or is released, the Court must be immediately informed of Petitioner's new address or the action will be dismissed. Petitioner is further advised that any document filed with the Court must be signed by Petitioner, see Fed.R.Civ.P. 11, or it will be stricken.

DONE this 21st day of February, 2006.

                                      s/WILLIAM E. CASSADY
                                      UNITED STATES MAGISTRATE JUDGE

MIME-Version:1.0 From:efile_information@alsd.uscourts.gov To:efile_notice@alsdei.alsd.uscourts.gov Bcc: Message-Id:<489284@alsd.uscourts.gov>Subject:Activity in Case 1:06-cv-00075-KD-C Pate v. McDonnell et al "Order to Pay Partial Filing Fee" Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**Southern District of Alabama - District Version 2.5**

Notice of Electronic Filing

The following transaction was received from mca, entered on 2/22/2006 at 3:36 PM CST and filed on 2/21/2006

| | |
|---|---|
| **Case Name:** | Pate v. McDonnell et al |
| **Case Number:** | 1:06-cv-75 |
| **Filer:** | |
| **Document Number:** | 3 |

**Docket Text:**
Order entered on motion to proceed without prepayment of fees [2]. Petitioner's motion is DENIED and further ORDERED directing petitioner to remit to the Clerk of Court, within 15 days, a money order for $5.00. Signed by Judge William E. Cassady on 2/21/06. (mca, )

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1026491878 [Date=2/22/2006] [FileNumber=489282-0]
[39355e84ee3f3a9a2c6fca908d91c3e527cb07bc3aa80ec352a75fadaa5e903dc2a5
52f9c0a35472ccf743b8702cde636164df4ab19091a947e026a1551c82c5]]

**1:06-cv-75 Notice will be electronically mailed to:**
**1:06-cv-75 Notice will be delivered by other means to:**
Brian Scott Pate
#229345
P.O. Box 150
Mt. Miegs, AL 36057