IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN SCOTT PATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | 1:06-CV-500-MHT |
| TERRANCE McDONNELL, WARDEN, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ANSWER OF RESPONDENTS**

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Court's August 21, 2006 order, hereby respectfully submit this Answer to the petition for writ of habeas corpus filed by Brian Scott Pate.

The Respondents deny that Pate is entitled to any relief under the federal writ of habeas corpus.

# I. PROCEDURAL BACKGROUND

## A. TRIAL COURT PROCEEDINGS

1. Pate's rape and sodomy convictions – Houston County Circuit Court (CC2002-1461.60 through CC2002-1472.60)

1. On March 6, 2003, Pate pleaded guilty and was convicted on the charge of ten counts of second degree rape, a violation of Alabama Code (1975) Section 13A-6-61, and the charge of second degree sodomy, a violation of Alabama Code (1975) Section 13A-6-64. He was sentenced to consecutive terms of twenty years' imprisonment in each conviction. Pate's current incarceration is the result of those convictions and sentences.

## B. DIRECT APPEAL PROCEEDINGS

2. Pate did not appeal from his guilty plea convictions and sentence to the Alabama Court of Criminal Appeals. Because Pate failed to file a direct appeal, his convictions became final on April 17, 2003, following the 42-day period within which to seek appellate review. See Ala. R. App. P. Rule 4 (b).

## C. POST-CONVICTION PROCEEDINGS – ALA. R. CRIM. P. RULE 32

3. Pate sought post-conviction relief from his convictions. Exhibit 1A, pp. 1-12. On November 19, 2004, after having reviewed Pate's petition and the response by the State, the trial court conducted an evidentiary hearing on Pate's

Rule 32, ineffective assistance of counsel claims. Exhibit 1D.[1] The trial court held:

> 11-19-04 Based on testimony of attorney Mike Carespi [sic], the Court is reasonably satisfied that Defendant has failed to meet the threshold burden set out in Strickland v. Washington. Rule 32 relief is denied. Eric Davis is allowed to withdraw. Anderson, Judge.

Exhibit 1D.

4. On January 10, 2005, Pate filed a written notice of appeal of the trial court's judgment. Exhibit 1C. On February 2, 2005, the Alabama Court of Criminal Appeals dismissed his appeal as untimely filed. Pate v. State, CR-04-0781 (Ala. Crim. App. Feb. 2, 2005). Exhibit 1A. The Alabama Court of Criminal Appeals issued a certificate of judgment on the same day. Exhibit 1B.

5. Pate then filed a motion to reconsider on February 28, 2005. Exhibit 2. His motion to reconsider was overruled in an order, Pate v. State, CR-04-0781 (Ala. Crim. App. Mar. 2, 2005). Exhibit 3, Attachment # 4.

6. Pate then filed a petition for writ of certiorari in the Alabama Supreme Court appearing to allege the following claim:

---

[1] Because the transcript and clerk's record of the plea colloquy, State v. Pate, CC02-1461 through CC02-1472; and, Ala. R. Crim. P. Rule 32 proceedings in Pate v. State, CR-04-0781 were not provided to the state appellate courts, they are unavailable in this proceeding. However, the State has presented the relevant section of the case action summary. Exhibit 1D. Should this Court determine that the entire record is necessary to the disposition of the instant petition, the State will locate the entire record and provide to this Court at that time.

3

> The Alabama Court of Criminal Appeals erred when it dismissed the appeal of the denial of his Rule 32 petition as untimely filed and by denying his motion for reconsideration.

Exhibit 3. The State filed an Initial Brief in Opposition and Pate then filed his answer to the State's Initial Brief in Opposition. Exhibits 4, 5. The Alabama Supreme Court denied his petition on May 13, 2005 and issued a certificate of judgment. Ex Parte Scott, No. 1040835 (Ala. May 13, 2005) (Ala. Crim. App. Apr. 6, 2005) Exhibit 6.

**D. THE INSTANT PETITION FOR HABEAS CORPUS**

7. On or about January 30, 2006, Pate filed the instant petition for habeas corpus in this Court where he challenges his second degree rape and sodomy convictions. In his petition, Pate argues the following as grounds for relief:

> 1) his conviction was obtained by a plea of guilty, which was unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the plea. Petition, Attachment pp. 1,
>
> 2) he was denied effective assistance of counsel. Petition, Attachment pp. 2,
>
> 3) he was denied right to appeal. Petition, Attachment pp. 2,
>
> 4) the trial court was without the jurisdiction to accept the guilty plea, render the judgment or to impose the sentence, because his indictments were allegedly improper and void. Petition, Attachment pp. 3; and,

    5) Pate was denied due process by the appellate courts of Alabama when they denied his notice of appeal on his Rule 32 as being untimely filed. Petition, Attachment pp. 4.

Petition, Attachment pp. 1-4

    8. It appears that Pate's petition is timely filed within the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year limitation period under Title 28 U.S.C. Section 2244 (d) (1).

## II. ARGUMENT

### A.   PATE'S CLAIMS AS PRESENTED ARE PROCEDURALLY DEFAULTED.

    9. Pate claims that: 1) "his conviction was obtained by a plea of guilty, which was unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the plea", Petition, Attachment pp. 1; and, 2) the trial court was without the jurisdiction to accept the guilty plea, render the judgment or to impose the sentence, because his indictments were allegedly improper and void. Petition, Attachment pp. 3. These claims do not appear to have been presented to the state court system. Pate failed to file a direct appeal of his convictions and sentences. Further, his Rule 32 appeal was dismissed immediately after his notice of appearance and no transcript of his Rule 32 proceeding was received which would have included his petition to the trial court. See, Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004)

(before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights). Because Pate has failed to exhaust the state remedies by failing to properly present these as federal claims in the State court, he has not met § 2254 (b) (1) (A)'s exhaustion requirement.

    10. Pate claims that he was denied his right to due process when the trial court and the appellate courts of Alabama denied his notice of appeal on his Rule 32 as being untimely filed, Petition, Attachment pp. 2, 4; and, that the trial court was without the jurisdiction to accept the guilty plea, render the judgment or to impose the sentence, because his indictments were allegedly improper and void. Petition, Attachment pp. 3. Here, Pate has presented issues of state law that are not cognizable under federal habeas proceedings. Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); <u>Wainwright v. Goode</u>, 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983); <u>Barclay v. Florida</u>, 463 U.S. 939, 958-659, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights

protected by the United States Constitution.") (citations omitted); <u>Engle v. Isaac</u>, 456 U.S. 107, 102 S. Ct. 2976, 73 L. Ed. 2d 1361 (1981); <u>Carrizales v. Wainwright</u>, 699 F.2d 1053 (11th Cir.1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>Tejada v. Dugger</u>, 941 F.2d 1551 (11th Cir.1991), cert. denied, 502 U.S. 1105, 112 S. Ct. 1199, 117 L. Ed. 2d 439 (1992) (quoting Carrizales, supra ). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir.1988).

11. Pate's claims, alleging error in state procedure when the trial court and appellate courts dismissed his appeal of his Rule 32 petition as untimely filed, and alleging a defective indictment, are presented in the instant petition as constitutional violations of his Sixth Amendment rights, although there exists no such violations and neither has he alleged any constitutional violation in his pleadings in the state actions. His claims are not cognizable in this proceeding.

12. Pate has failed to demonstrate that the Court of Criminal Appeals' dismissal of his appeal as untimely, resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as

determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d) (1), (2). A state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in" relevant caselaw, Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000), and the Court of Criminal Appeals did not apply a rule contradicting federal law. Further, the Court of Criminal Appeals did not act "in an objectively unreasonable" manner and did not rule against clearly established precedent by "confront[ing] a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrive[ing] at a result different from our precedent." 529 U.S. 362, 406, 409, 120 S. Ct. 1495, 1519-1521. Accordingly, a review of the merits of Pate's claim shows that he has failed to demonstrate that he is entitled to federal habeas relief.

13. Pate claims that he was denied effective assistance of counsel. Petition, Attachment pp. 2. It appears that Pate presented his ineffective assistance of counsel claims in his postconviction petition to the trial court. On November 19, 2004, after having reviewed Pate's petition and the response by the State, the trial court conducted an evidentiary hearing on Pate's Rule 32, ineffective assistance of counsel claims. Exhibit 1D. The trial court held:

8

>11-19-04 Based on testimony of attorney Mike Carespi [sic], the Court is reasonably satisfied that Defendant has failed to meet the threshold burden set out in Strickland v. Washington. Rule 32 relief is denied. Eric Davis is allowed to withdraw. Anderson, Judge.

Exhibit 1D. Although, it appears from the case action summary that Pate raised his ineffective assistance of counsel claim in the trial court; nonetheless, this claim is procedurally barred. It was not presented to the state courts on direct appeal nor was it alleged in his petition for writ of certiorari; hence, it is unexhausted and procedurally defaulted. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999). See Exhibits 2, 3.

    14. Pate has failed to demonstrate that the Court of Criminal Appeals' denial of the appeal of his Rule 32 petition resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d) (1), (2). A state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in" relevant caselaw, Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519, and the Court of Criminal Appeals did not apply a rule contradicting federal law. Further, the Court of Criminal Appeals did not act "in an objectively unreasonable" manner and did not rule against clearly established precedent by "confront[ing] a set of facts that are materially

indistinguishable from a decision of this Court and nevertheless arrive[ing] at a result different from our precedent." 529 U.S. 362, 406, 409, 120 S. Ct. 1495, 1519-1521. Pate has failed to demonstrate that he is entitled to federal habeas relief on his claims of ineffective assistance of counsel.

15. The Alabama Court of Criminal Appeals' refusal to review the issues as presented by Pate render them procedurally defaulted from this Court's review because it was barred by a legitimate state procedural bar -- his failure to timely file his appeal. Claims that are not adequately presented to the state court in compliance with the state's procedural requirements are not properly exhausted, and are rendered procedurally defaulted. Brownlee v. Haley, 306 F. 3d 1043, 1065 (11th Cir. 2002).

16. By failing to first exhaust most of these claims to the Alabama state courts, Pate has rendered them defaulted from this Court's review. In addition, they are no longer capable of presentation to the Houston County Circuit Court by way of Ala. R. Crim. P. Rule 32, because they would be precluded from review because they were not first raised in the trial court, and they could have been raised on direct appeal. Ala. R. Crim. P. Rules 32.2 (a) (3), (a) (5).

17. Pate's procedurally defaulted claims are not capable of further presentation to the state courts via Ala. R. Crim. P. Rule 32, because they would be precluded from review as untimely, because they could have been raised on direct

appeal, and because they would stem from a successive petition. Ala .R. Crim. P. Rules 32.2 (a)(5), (b), (c). "A habeas petitioner can only evade the exhaustion requirement by showing cause for and actual prejudice resulting from the default or by establishing a fundamental miscarriage of justice." McNair v. Campbell, 416 F. 3d 1291, 1304 n.9 (11th Cir. 2005). Further, Pate has not shown cause and actual prejudice arising from an alleged violation of federal law here, nor has he shown a resulting fundamental miscarriage of justice if this Court does not consider the merits of the claims. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2564-2565, 115 L. Ed. 2d 640 (1991); Schlup v. Delo, 513 U.S. 298, 320, 115 S. Ct. 857, 864, 130 L. Ed. 2d 808 (1995).

**B. PATE'S BARRED CLAIMS PRESENT ISSUES OF STATE LAW THAT ARE NOT COGNIZABLE UNDER FEDERAL HABEAS PROCEEDINGS.**

18. In Heard v. Crosby, 2005 WL 1712306, at *8 (M.D. Fla. Jul. 18, 2005), the district court held that the writ of habeas corpus under Title 28 U.S.C. §2254 "was not created to enforce State-created rights". Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); Wainwright v. Goode, 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed.

11

2d 187 (1983); Barclay v. Florida, 463 U.S. 939, 958-659, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 2976, 73 L. Ed. 2d 1361 (1981); Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir.1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Tejada v. Dugger, 941 F.2d 1551 (11th Cir.1991), cert. denied, 502 U.S. 1105, 112 S. Ct. 1199, 117 L. Ed. 2d 439 (1992) (quoting Carrizales, supra ). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir.1988).

19. Here, Pate's claims, alleging error in state law and procedure, are presented in the instant petition as constitutional violations of his Sixth Amendment due process rights, although there exists no such violations and neither has he alleged any constitutional violation in his pleadings in the state actions. His unexhausted claims are not cognizable in this proceeding.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Pate's Petition as his claims are procedurally defaulted.

                              Respectfully submitted,

                              Troy King (KIN047)
                              Attorney General
                              By:

                              s/Madeline Hinson Lewis
                              Madeline Hinson Lewis
                              Assistant Attorney General

EXHIBITS

EXHIBIT 1A:   Alabama Court of Criminal Appeals order dismissing Rule 32 appeal as untimely filed; Pate v. State, CR-04-0781 (Ala. Crim. App. Feb. 2, 2005)


EXHIBIT 1B:  Certificate of Judgment issued, Pate v. State, CR-04-0781 (Ala. Crim. App. Feb. 2, 2005)


EXHIBIT 1C:   Notice of Appeal, State v. Pate, Houston County Circuit Court (CC2002-1461.60 through CC2002-1472.60)


EXHIBIT 1D:  Record of Rule 32 proceedings (case action summary); Pate v. State (CC20 02-1461.60 through CC2002-1472.60) CR-04-0781


EXHIBIT 2:   Pate's Motion To Reconsider To The Alabama Court of Criminal Appeals, filed on February 28, 2005.


EXIHIT 3:    Pate's Petition for Writ of Certiorari and Brief in Support, Ex parte Pate, No. 1040835.


EXHIBIT 4:   State's Initial Brief In Opposition To Pate's Petition For Writ of Certiorari, filed March 23, 2005.


EXHIBIT 5:  Pate's Answer To State's Initial Brief In Opposition.


EXHIBIT 6:  Certificate of Judgment denying writ, Alabama Supreme Court, Ex parte Pate, No. 1040835 (Ala. May 13, 2005)

## CERTIFICATE OF SERVICE

I hereby certify that on this the <u>2nd</u> day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including all exhibits) to the following non-CM/ECF participant: <u>Brain Scott Pate, AIS # 229345, Kilby Correctional Facility, P.O. Box 150 Mt Meigs, AL 36057</u>.

/s/ Madeline Hinson Lewis
Madeline Hinson Lewis (HIN032)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: Mlewis@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300

186464/98854-001

15