**IN THE COURT OF CRIMINAL APPEALS OF ALABAMA**
**CR-04-0781**

```
                                          ┌─────────────────────────┐
                                          │        FILED            │
                                          │                         │
EX PARTE; BRIAN SCOTT PATE*               │      FEB 2 8 2005        │
                                          │                         │
PETITIONER, pro-se         *              │        CLERK            │
                                          │ ALA COURT CRIMINAL APPEALS│
                           * HOUSTON COUNTY CIRCUIT
                           * COURT
RE: BRIAN SCOTT PATE       * CASE NO. CC-02-1461.60
         PLAINTIFF         *   through  CC-02-1472.60
                           *
VS.                        *
                           *
STATE OF ALABAMA,          *
CIRCUIT COURT OF           *
HOUSTON COUNTY             *
         DEFENDANT         *
```

## MOTION TO RECONSIDER

**COMES NOW,** Brian Scott Pate, Petitioner, pro-se and Petitions the above named Court to reconsider it's decision to dismiss the Petitioners NOTICE of APPEAL in the above titled cases as being untimely filed. In support of this MOTION the Petitioner states the following:

### STATEMENT OF FACTS

On 11/18/04 the Petitioner was transported to Houston County to be present for an Evidentiary Hearing on the above-entitled cases, to be held on 11/19/04. At the conclusion of the hearing the Petitioner was told he had 42 days to file NOTICE of APPEAL. After the hearing the petitioner was held in the Houston County Jail for twenty-six (26) days without access to a Law Library or the Necessary Forms needed to properly file his Notice of Appeal. The Petitioner had to file a Grievance with the county on 12/9/04 to try and force them to transport him back to Kilby. During the period from November 19, 2004 to January 7, 2005 there were two 3-day holidays and one 4-day holiday. Pursuant to A.R.A.P. Holidays do not count in the tolling of time.

EXHIBIT
2
tabbies

If we calculate the number of days from 11/19/04 to 1/7/05 we reach a total of 50 days. When you remove the 10 days for the three separate holidays we have a total of 40 days. The petitioner filed his notice of appeal on 1/7/05 two days before the 42-day deadline, which is supported by a signed Certified Mail Receipt. The petitioner contends that he was on time when he filed his Notice of Appeal. This Honorable Court should also take into account that the Petitioner was deprived of the ability to begin preparation on his Notice of Appeal, by Houston County, when he was detained in their county jail for 26 days after the hearing.

If this Honorable court would take notice and add the 26 days the Petitioner was detained in Houston County and the 10 days that were holidays, the Petitioner in actuality had filed his Notice of Appeal within 14 days.

## ATTACHMENTS IN SUPPORT OF THIS MOTION

1.  Copy of signed Certified Return Receipt, to the Circuit Court Clerk of Houston County, dated 1/7/05

2-5. November, December, January and February calendars showing dates of holidays, time held in Houston County Jail and date of filing of Notice of Appeal and the date this Honorable Court Dismissed due to untimely filing.

6.  Copy of Grievance filed with Houston County Jail requesting transport back to Kilby

## REASONS WHY THE MOTIONS SHOULD BE GRANTED

The Petitioner was held in Houston County without access to a Law Library or necessary Appellate forms required by A.R.A.P. for 26 days of his 42-day time limit to file his Notice of Appeal. Also during this 42-day period there were 3 Holidays that consisted of 10 days that were Federal and State Holidays. The petitioner was still able to prepare and send his Notice of Appeal using 14 days of the time he could actually spend preparing the Notice. The Petitioner asserts that by this Honorable Court Dismissing his Notice of Appeal

Statute only takes in account holidays if the time for filing is 7 days.

as being untimely filed is denying him his right to Due Process as Guaranteed by the Constitution of the United States and the Alabama Constitution of 1901.

The Petitioner would have filed this Motion sooner but he, not being knowledgeable in the Appellate Process did not know this avenue was available to him. It was not until 2/23/05 that another inmate told him that he could file a Motion for Reconsideration.

### RELIEF SOUGHT

1. That this Honorable Court Reverse it's ORDER dismissing the Petitioners Notice of Appeal as untimely filed

2. That this Honorable court ORDER Houston County Circuit Court Clerk to prepare the Record on Appeal, consisting of the Transcript of the Evidentiary Hearing and the Court Record in these cases including the Rule 32 Petition and furnish this Honorable Court and the Petitioner and any other parties in this cause with said copies.

**WHEREFORE,** The Premises considered, Petitioner Prays that This Honorable Court GRANT the Motion here in and **REVERSE** it's Decision in this case.

Respectfully submitted, this the _28th_ day of _Feb._ 2005.

*Brian Scott Pate*

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Judy Byrd
PO Box 10406
Dothan, AL
36302

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _John McIntosh_     ☐ Agent
                      ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
_John McIntosh_          1-7-05

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
   (Transfer from service label)       7002 2410 0001 2648 5976

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1035

## November 2004

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 IN COUNTY JAIL (DON'T CO |
| 21 IN COUNTY JAIL (3) | 22 IN COUNTY JAIL (4) | 23 IN COUNTY JAIL (5) | 24 IN COUNTY JAIL (6) | 25 THANKS-GIVGIN (DON'T COUNT) | 26 HOLIDAY (DON'T COUNT) | 27 HOLID. (DON'T CO |
| 28 HOLIDAY (DON'T COUNT) | 29 IN COUNTY JAIL (7) | 30 IN COUNTY JAIL (8) | | | | |

ATTACHMENT #2

# December 2004

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|
| | | | 1 IN COUNTY JAIL (9) | 2 IN COUNTY JAIL (10) | 3 IN COUNTY JAIL (11) | 4 IN COUNTY JAIL (12) |
| 5 IN COUNTY JAIL (13) | 6 IN COUNTY JAIL (14) | 7 IN COUNTY JAIL (15) | 8 IN COUNTY JAIL (16) | 9 IN COUNTY JAIL (17) | 10 IN COUNTY JAIL (18) | 11 IN COUNTY JAIL (19) |
| 12 IN COUNTY JAIL (20) | 13 IN COUNTY JAIL (21) | 14 | 15 IN COUNTY JAIL (23) | 16 IN COUNTY JAIL (24) | 17 IN COUNTY JAIL (25) | 18 (26) |
| 19 (27) | 20 (28) | 21 (29) | 22 (30) | 23 (31) | 24 (32) | 25 CHRISTMAS DAY (DON'T CO...) |
| 26 HOLIDAY (DON'T COUNT) | 27 HOLIDAY (DON'T COUNT) | 28 (33) | 29 (34) | 30 (35) | 31 (36) Day 42 | |

ATTACHMENT #3

# January 2005

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
| | | | | | | **1** NEW YEAR'S DAY (DON'T COUNT) |
| **2** HOLIDAY (DON'T COUNT) | **3** HOLIDAY (DON'T COUNT) | **4** (37) | **5** (38) | **6** (39) | ■ | **8** |
| **9** | **10** | **11** | **12** | **13** | **14** | **15** |
| **16** | **17** | **18** | **19** | **20** | **21** | **22** |
| **23** | **24** | **25** | **26** | **27** | **28** | **29** |
| **30** | **31** | | | | | |

ATTACHMENT #4