ATTORNEY GENERAL'S COPY

*Jewis*

76681
3/23

IN THE SUPREME COURT OF ALABAMA
CRIMINAL APPEALS CASE NO. CR-04-0781
SC CASE NO. _____

| | |
|---|---|
| BRIAN SCOTT PATE | * |
|     APPELLANT | * |
| | * |
| | * |
| VS. | * |
| | * |
| STATE OF ALABAMA | * |
|     APPELLEE | * |

On Appeal from the Circuit Court of
HOUSTON County, Alabama CC-02-1461.6
through CC-02-1472.60
Hon. LARRY ANDERSON, Judge

## PETITION FOR WRIT OF CERTIORARI
AND

## PETITION FOR WRIT OF CERTIORARI BRIEF
OF
APPELLANT BRIAN SCOTT PATE

PETITIONER pro-se:

BRIAN SCOTT PATE
AIS #229345 / KFD-3
P.O. Box 150
Mt. Meigs, Al 36057

(no phone)

EXHIBIT 3

IN THE SUPREME COURT OF ALABAMA
CRIMINAL APPEALS CASE NO. CR-04-0781
SC CASE NO. _____

| | |
|---|---|
| BRIAN SCOTT PATE | * |
| APPELLANT | * APPEALED FROM THE CIRCUIT |
| | * COURT OF HOUSTON COUNTY, |
| | * ALABAMA CC-02-1461.60; |
| VS. | * THRU. CC-02-1472.60 |
| | * |
| STATE OF ALABAMA | * |
| APPELLEE | * |

### PETITION FOR WRIT OF CERTIORARI

Comes now your petitioner, BRIAN SCOTT PATE, pro-se, and petitions this Honorable Court for a Writ of Certiorari to issue to the Court of Criminal appeals of Alabama in the above styled cause under Rule 39 of the <u>Alabama Rules of Appellate Procedure</u>, and for grounds therefore, assigns the following, separately and severally, to-wit:

**1. The Court of Criminal Appeals unjustly denied the motion for reconsideration filed by Mr. Pate, by stating that his appeal was dismissed as untimely filed, which is in direct conflict with <u>Rule 26(a) Alabama Rules of Appellate Procedure.</u>**

On the 2nd day of February 2004, the office of Lane Mann, Clerk of the Court of Criminal appeals witnessed and affirmed by Memorandum Certificate of Judgement for the above cases. (**Exhibit #1**)

The appellant, at Kilby, received the Affirmed Certificate of Judgement, on February 3rd, 2004 as evidenced by the copy of the judgment attached as exhibit 1.

The petitioner contends that he was denied Due Process as guaranteed him by the 4th, 6th, and 14th

1

Amendments to the United States Constitution, and The Alabama Constitution of 1901.

The Petitioner's evidentiary hearing was held on November 19, 2004. He was detained in Houston County Jail for 26 days, without access to a Law Library where he could perfect his Pro-se appeal, before being transported back to Kilby on the 14th day of December, 2004 where he was able to have access to their Law library. He then began his research and obtained the forms necessary to file his Notice of Appeal.

**Pate did not receive notice from the courts that his Rule 32 was Denied until 12/2/04 as noted on the case action summary sheet. If we tabulate the 42 days from receipt of NOTICE of DENIAL of his Rule 32 the 42-day period does not expire until January 13, 2005. Therefore regardless of the holidays, or time detained by the Sheriff's office the notice of appeal was still filed in a timely manor. (Exhibit #2)**

This Honorable Court should take note, that from December 15th, 2004 through January 7th, 2005, the date Petitioners Notice of Appeal was signed for by the Circuit Court Clerk of Houston County, a total of only 24 days had elapsed with 6 of those days being Legal Holidays (Christmas & New Year).

The Petitioners rights to Due Process were violated by his being denied adequate time for him to access the law library to effect his appeal. The Petitioner was detained in the county jail of Houston County for 26 days after his Evidentiary Hearing. Only after repeated request by Pate and filing a Grievance form with the County Sheriff was Pate finally returned to Kilby. (**Exhibit #3**)

Pate asked the Court of Criminal appeals to reconsider its dismissal on the grounds that he not only lost 26 days of his appeal time by being detained unnecessarily by the Houston County Sheriff's Department, but that he also did not have access to the law library at Kilby for 7 of the 24 days after his return to Kilby because the law library is closed on holidays and Sundays.

2

Pate immediately filed a MOTION FOR RECONSIDERATION and was denied on March 2nd 2005. (**Exhibit #4**)(**NOTE:** *this exhibit is not included in any copy other than The Copy to this court since all parties involved have a copy of the original Motion*)

The Criminal Court of Appeals improperly denied Pate's Notice of Appeal as being time bared when in fact it was a <u>division of the Justice System *IE:* Sheriff's Department,</u> that was a direct result of his delay by keeping him unnecessarily detained for 20 days denying him access to a law library to effect his appeal in a timely manor.

**2. One of the issues presented in pate's rule 32 was that the Circuit Court at the time of his PLEA agreement DID NOT properly explain the Minimum and Maximum sentence the court could impose if he plead Guilty.**

When the petitioner signed his plea agreement the minimum and maximum sentence he was informed he could receive was not less than two years but not more than 20 years. At no time during the plea hearing did the Judge state that Pate could receive no less tan 2 years but not more than 240 years. (**Exhibit #5**)

Surely this Honorable Court can ascertan that Pate would never have agreed to pleading guilty the maximum **of** 240 years the court could have given him had the 12 charges went to trial and he was found guilty by a jury on all charges.

The petitioner contends that he was deceived by his attorney and the court into entering a guilty plea and the delay tactics used by the Justice System *IE:* <u>Sheriff's Department,</u> in detaining him for 26 days was done to prevent the Appellate Courts from reviewing this extreme miscarriage of justice.

3

WHEREFORE, Pate ask this Honorable court to review the Criminal Court of Appeals decision based on the fact that Pate could have effected his Notice of Appeal in a timely manor had he been expeditiously returned to his place of confinement and after preliminary examination, this Petition for Writ of Certiorari be granted.

That this Honorable Court proceed under it's rules to review this matter complained of and to REVERSE the JUDGEMENT by the Alabama Court of Criminal Appeals and ORDER that the Petitioner's Notice of Appeal be accepted by the Alabama Court of Criminal Appeals as TIMELY FILED.

For such other relief that your Petitioner may be entitled under law.

Respectfully submitted in support thereof and enclosed herewith, is the Brief and argument of your petitioner, this the 9th day of March 2005.

_____
Brian Scott Pate
Petitioner, pro-se

# THE STATE OF ALABAMA -- JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

CR-04-0781

Brian Scott Pate v. State of Alabama (Appeal from Houston Circuit Court: CC02-1461.60 through CC02-1472.60)

## CERTIFICATE OF JUDGMENT

To the Clerk of the above noted Trial Court, Greetings:

WHEREAS, the appeal in the above-referenced cause has been considered by the Court of Criminal Appeals; and

WHEREAS, an order was issued this date in said cause containing the judgment indicated below:

### Appeal Dismissed

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure and the order of dismissal, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 2nd day of February, 2005.

_____
Clerk
Court of Criminal Appeals
State of Alabama

cc: Hon. Larry K. Anderson, Circuit Judge
    Hon. Judy Byrd, Circuit Clerk
    Brian Scott Pate, Pro Se
    Office of Attorney General

STATE OF ALABAMA vs BRIAN SCOTT PATE                CC02-1461.60 thru
                                                    CC02-1472.60

8/20/04 - Rule 32 hearing continued and reset for October 22, 2004 at
         9:00 a.m. Attorney Martin Adams withdraws from case and attorney
         Eric Davis is appointed.

(8/2/04 N: D.A., ED, MA, &deft)  — Terry K. Anderson, Judge
  NCJ

10-5-04  Transport order.

10-22-04 — Continued for defendant due to attorney's illness. Reset
          for November 19, 2004 at 9:00 a.m.

11-2-04  Notif'd Eric Davis,
         DA + Deft by mail    K. Anderson, Judge

11-3-04  ORDER TO TRANSPORT IN FILE. N: DA, COURT LIASON (2), ERIC DAVIS, DOC

11-19-04 Based on testimony of attorney Mike Crespi, the
         Court is reasonably satisfied that Defendant has
         failed to meet the threshold burden set out in
         Strickland v. Washington. Rule 32 relief is denied.
         Eric Davis is allowed to withdraw.
                                              Anderson, Judge

   (12-2-04 N: Deft, ED, DA)

01-10-05 Notice of appeal.

1-19-05  Appeal noted but appears untimely.

                                              Anderson, Judge

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-04-0781

Brian Scott Pate v. State of Alabama  (Appeal from Houston Circuit Court: CC02-1461.60 through CC02-1472.60)

### ORDER

Appellant's motion to reconsider dismissal of his appeal as untimely is DENIED.

Done this the 2nd day of March, 2005.

_____
H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Larry K. Anderson, Circuit Judge
Hon. Judy Byrd, Circuit Clerk
Andrea Martin, Court Reporter
Brian Scott Pate, Pro Se
Office of Attorney General

EXHIBIT "A"    EXHIBIT #5

| State of Alabama Unified Judicial System | EXPLANATION OF RIGHTS AND PLEA OF GUILTY (Non-Habitual Offender — Felony and Misdemeanor Circuit or District Court) | Case Number |
|---|---|---|
| Form CR-51(rev. a)  Rev. 7/02 | | CC 2001 – 1461-72 |

IN THE ___CIRCUIT___ COURT OF ___HOUSTON___, ALABAMA
     (Circuit or District)                                                (Name of County)

STATE OF ALABAMA v. ___BRIAN SCOTT PATE___
                                                Defendant

**TO THE ABOVE-NAMED DEFENDANT:** The Court, having been informed that you wish to enter a plea of guilty in this case, hereby informs you of your rights as a criminal defendant.

### PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of ___RAPE 2 (x 10); SODOMY 2 (x 2)___, which is a Class ___B___ ☑ Felony ☐ Misdemeanor. The Court has been informed that you desire to enter a plea of guilty to ☐ this offense or ☐ to the crime of _____ which is a ☐ felony    ☐ misdemeanor. The sentencing range for the above crime(s) is set out below:

| MISDEMEANOR | | FELONY | |
|---|---|---|---|
| Class A | Up to one (1) year imprisonment in the county jail, or a fine up to $2,000, or both. | Class A | Not less than ten (10) years and not more than life or ninety-nine (99) years imprisonment in the state penitentiary, and may include a fine not to exceed $20,000. |
| Class B | Up to six (6) months imprisonment in the county jail, or a fine up to $1,000, or both. | (Class B) | Not less than two (2) years and not more than twenty (20) year imprisonment in the state penitentiary, and may include a fine not to exceed $10,000. |
| Class C | Up to three (3) months imprisonment in the county jail, or a fine not to exceed $500, or both. | Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, and may include a fine not to exceed $5,000. |

   Crime Victims Assessment: You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony and not less than $25 and not more than $1,000 for each misdemeanor for which you are convicted.

   This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

   ☐ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** Section 13A-5-6, Ala. Code 1975, provides for the enhancement of a punishment where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; For the commission of a Class B Felony, a term of imprisonment of not less than 10 years; For the commission of a Class C Felony, a term of imprisonment of not less than 10 years.

   ☐ **Enhanced Punishment for Drug Sale Near School:** Section 13A-12-250, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an <u>additional</u> penalty of five years' imprisonment for each violation.

   ☐ **Enhanced Punishment For Sales Of Controlled Substance To One Under 18:** Section 13A-12-215, Ala. Code 1975, provides that anyone convicted of selling, furnishing or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony <u>and the punishment imposed shall not be suspended or probation granted</u>.

   ☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215 or 13A-12-231, Ala. Code 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or $2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to Section 13A-12-214 (unlawful possession of marijuana in the second degree), Section 32-5A-191(a)(3) or Section 32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

   ☐ **Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part or all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees by an indigent.

Form CR-51 (back)   Rev. 7/02

**EXPLANATION OF RIGHTS AND PLEA OF GUILTY**
(Non-Habitual Offender -- Felony and Misdemeanor -- Circuit or District Court)

☑ DNA Samples for Criminal Offenses in Section 36-18-24: Beginning May 6, 1994, Section 36-18-25(e), Ala. Code 1975, provides that, as of May 6, 1994, all persons convicted of any of the offenses set out in Section 36-18-24, shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ DUI Offenses: Beginning October 1, 1993, if you are convicted of a DUI offense pursuant to Section 32-5A-191, Ala. Code 1975, an additional fine of $100.00 will be assessed pursuant to Section 32-5A-191.1, Ala. Code 1975.

☐ Drug Possession: Beginning October 1, 1995, if you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in Sections 13A-12-211 to 13A-12-260, inclusive, Ala. Code 1975, an additional fee of $100.00 will be assessed pursuant to Section 36-18-7, Ala. Code 1975.

☐ Other: _____

### RIGHTS YOU HAVE AND THE WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You do not have to answer any questions. If you do answer questions knowing that you have a right to silence, you will have waived your right to remain silent.

You have the right to enter, or stand on if previously entered, a plea of "Not Guilty" or Not Guilty by Reason of Mental Disease or Defect," or "Not Guilty and Not Guilty by Reason of Mental Disease or Defect" and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State just as any other witness is subjected to cross examination. If you elect not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty.

If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE AND YOU WILL STAND GUILTY ON YOUR GUILTY PLEA. BY ENTERING A PLEA OF GUILTY, YOU WILL ALSO WAIVE YOUR RIGHT TO APPEAL, UNLESS (1) YOU HAVE, BEFORE ENTERING THE PLEA OF GUILTY, EXPRESSLY RESERVED THE RIGHT TO APPEAL WITH RESPECT TO A PARTICULAR ISSUE OR ISSUES, IN WHICH EVENT APPELLATE REVIEW SHALL BE LIMITED TO A DETERMINATION OF THE ISSUE OR ISSUES RESERVED, OR (2) YOU HAVE TIMELY FILED A MOTION TO WITHDRAW THE PLEA OF GUILTY AFTER PRONOUNCEMENT OF SENTENCE ON THE GROUND THAT THE WITHDRAWAL IS NECESSARY TO CORRECT A MANIFEST INJUSTICE, AND THE COURT HAS DENIED YOUR MOTION TO WITHDRAW YOUR PLEA, OR THE MOTION HAS BEEN DEEMED DENIED BY OPERATION OF LAW.

IF YOU HAVE A RIGHT TO APPEAL UNDER ONE OF THE CONDITIONS ABOVE AND YOU ARE DETERMINED BY THE COURT TO BE INDIGENT, COUNSEL WILL BE APPOINTED TO REPRESENT YOU ON APPEAL IF YOU SO DESIRE AND IF THE APPEAL IS FROM A CIRCUIT COURT JUDGMENT OR SENTENCE, A COPY OF THE RECORD AND THE REPORTER'S TRANSCRIPT WILL BE PROVIDED AT NO COST TO YOU.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

_3-6-03_  _____/s/ Larry K. Anderson_____
Date                                                Judge

### ATTORNEY'S CERTIFICATE

I certify that the above was read to the defendant by me; that I explained the penalty or penalties to the defendant, that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and, to my knowledge, no one else has done so.

_3/6/03_                                      _____
Date                                                Attorney

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope or reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

_3-6-03_                                      _/s/ Brian Pate_
Date                                                Defendant

IN THE SUPREME COURT OF ALABAMA
CRIMINAL APPEALS CASE NO. CR-04-0781
SC CASE NO. _____

BRIAN SCOTT PATE     *
       APPELLANT     *
                         *
                         *

VS.     *
                         *

STATE OF ALABAMA     *
       APPELLEE     *

---

On Appeal from the Circuit Court of
HOUSTON County, Alabama CC-02-1461.6
through CC-02-1472.60
Hon. LARRY ANDERSON, Judge

---

PETITION FOR WRIT OF CERTIORARI BRIEF
OF
APPELLANT BRIAN SCOTT PATE

---

PETITIONER pro-se:

    BRIAN SCOTT PATE
    AIS #229345 / KFD-3
    P.O. Box 150
    Mt. Meigs, Al 36057

    (no phone)

i

**STATEMENT REGARDING ORAL ARGUMENTS**

Your Petitioner does not desire oral arguments in this case.

i

**TABLE OF CONTENTS**

| | |
|---|---|
| Statement Regarding Oral Arguments | i |
| Table of Authorities | iii |
| Statement of Case | 1 |
| Statement of Issues | 2 |
| Statement of Facts | 2 |
| Statement of Standard of Review | 2 |
| Summary of the Arguments | 2 & 3 |
| Arguments | 3 |
|     Issue I | 3 & 4 |
| Conclusion | 4 & 5 |
| Certificate of Service | 6 |

iii

## TABLE OF AUTHORITIES

**ALABAMA RULES OF CRIMINAL PROCEDURE**       **Page No.**

Rule 4 (a)                                    2 & 4

## **STATEMENT OF CASE**

On 11/18/04 the Petitioner was transported to Houston County to be present for an Evidentiary on the afore listed cases, to be held on 11/19/04. On 12/2/04 Pate received written notice that his Rule 32 petition had been denied. Pate was held in the Houston county Jail after the hearing for 26 days before he was transported back to Kilby on December 14th 2004. On January 6th 2005 Pate mailed his NOTICE of APPEAL to the Houston County Court Clerk by Certified Mail. The Certified Mail Receipt was signed for on January 7th 2005.

On January 20th 2005 pate received a copy of his Case Action Summary Sheet noting that his Notice of appeal was filed on 1/19/05 (but seemed to be untimely filed). On February 4th 2005 Pate received his Certificate of Judgment from the Criminal Court of Appeals, stating his appeal had been dismissed as untimely filed.

Pate filed a Motion for Reconsideration to the Criminal Court of Appeals, but said Motion was denied on March 2nd 2005.

1

## STATEMENT OF ISSUES

**Issue I**

That the Criminal Court of Appeals erred in dismissing Pate's Appeal as untimely filed which denied him due process as guaranteed him by the 4th, 6th and 14th amendments to the United States Constitution and the Constitution of Alabama 1901.

## STATEMENT OF FACTS

**ISSUE I.**

Pate has 42 days from receipt of NOTICE of DISMISSAL to file his Notice of Appeal. If we tabulate the time from December 2, 2005, Pate had until January 13, 2005 to file his Notice of Appeal with the Circuit Court of Houston County.

## STATEMENT OF THE STANDARD OF REVIEW

**ISSUE I**

The decision from the Alabama Court of Criminal Appeals is in direct conflict with Rule 4 (a) Alabama Rules of Appellate Procedure.

## SUMMARY OF THE ARGUMENTS

Pate contends that The Alabama court of Criminal Appeals erred when it dismissed his Notice of Appeal as untimely

2

filed and then they denied his Motion for Reconsideration. That he in fact had 6 days from the date that the circuit court clerk signed the certified mail containing Pates Notice of Appeal.

### ARGUMENTS

### ISSUE I

When Pate filed his Motion to Reconsider with the Alabama Court of Criminal Appeals his initial argument was that he was held in the Houston County Jail for 26 days after his hearing, which denied him access to a law library where he could not effect his appeal, since he was filing Pro-se. Thus the tolling of time should not have begun until he was returned to Kilby where he had access to a law library and the proper forms necessary to file Notice of Appeal.

Since the filing of the Notice to Reconsider Pate has become aware that he didn't receive written notice of the dismissal of his Rule 32 petition until December 2, 2005.

Pate asserts that his Notice of Appeal was timely filed. His Evidentiary hearing was concluded on November 19th 2005, he received written notice of the Circuit courts

3

decision to deny relief of his Rule 32 petition on December 2nd 2004. The Circuit Court Clerk of Houston County signed for proper NOTICE of APPEAL on January 7th 2005.

Rule 4 (a) A.R.A.P states: "Except as otherwise provided herein, in all cases…, The Notice of Appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of entry of judgment…."

If this Honorable Court will look at "exhibit 2" it will see that Pate did not receive notice of dismissal of his Rule 32 until December 2,2005. Therefore his 42 days did not end until January 13,2005.

**Wherefore according to Rule 4 (a) A.R.A.P. pate's notice of appeal should have been accepted by the Circuit Court of Houston County and the Alabama Court of Criminal Appeals, as proper and timely filed.**

### CONCLUSION

Due process consistent with the Constitution of the United States and the Alabama Constitution of 1901 assures a defendant the right to appeal. It is a right that cannot be denied him by law.

This Honorable Court should not only take into consideration the fact that the Petitioner filed his

4

Notice of appeal within 24 days of his being brought back to Kilby from Houston county, where he would have access to a law library and the necessary forms required by the A.R.A.P.. Also that he did not receive notice of the denial of his Rule 32 Petition until December 2, 2004. This would make his date for timely filing January 13, 2005.

Pate feels that he has done all he could under the circumstances to effectively and expeditiously file his Notice of Appeal in a timely manor.

**WHEREFORE, the appellant would pray unto this Honorable Court to reverse the dismissal of his Notice of Appeal and remand back to the Circuit Court of Houston County to prepare the record on appeal and forward same to the Alabama Court of Criminal Appeals and to the petitioner.**

Respectfully submitted this the 9th day of March, 2004

_____
Brian Scott pate
Petitioner, Pro-se
AIS# 229345 / KFD-3
P.O. Box 150
Mt. Meigs, Al 36057

## CERTIFICATE OF SERVICE

I certify that I have on this the 9th day of March, 2005, Served a copy of this Motion on the Respondent Judge the District Attorney of Houston County and all other parties to the action in the trial court whose names are listed below, by placing same in the U.S. Mail with sufficient U.S. Postage attached on this the 9th day of March, 2004.

*Brian Scott Pate*
Brian Scott Pate,
Petitioner, pro-se
AIS# 229345/KFD-3
P.O. Box 150
Mt. Meigs, Al 36057


Circuit Court Clerk of Houston County

Circuit Court Judge of Houston County

Office of the District Attorney
Houston County Alabama

Honorable Lane W. Mann, Clerk
Court of Criminal Appeals of Alabama

Honorable Troy King
Attorney General for the State of Alabama

5