No. 1040835

## In the SUPREME COURT of ALABAMA

### Ex parte Brian Scott Pate.

——————————— ◆ ———————————

In re BRIAN SCOTT PATE,
Petitioner-Appellant,

v.

STATE of ALABAMA,
Respondent-Appellee.

——————————— ◆ ———————————

*On Appeal from the Circuit Court of
Houston County (CC-02-1461.6 – CC-02-1472.60)*

——————————— ◆ ———————————

*On Petition for Writ of Certiorari to
the Court of Criminal Appeals (CR-04-0781)*

## INITIAL BRIEF IN OPPOSITION TO PETITION FOR WRIT OF CERTIORARI

Troy King
*Attorney General*

Stephanie N. Morman
*Deputy Solicitor General*

Madeline Hinson Lewis*
*Assistant Attorney General
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, AL  36130-0152
(334) 242-7300

March 23, 2005

EXHIBIT
4

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary. "The facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided" by an additional evaluation of the evidence and case law. Ala. R. App. P. Rule 34 (a) 3.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.......................... i

TABLE OF CONTENTS......................................... ii

TABLE OF CASES AND AUTHORITIES........................... iii

STATEMENT OF THE CASE AND FACTS........................... 1

STATEMENT OF THE ISSUE................................... 2

STANDARD OF REVIEW....................................... 3

SUMMARY OF ARGUMENT..................................... 3

ARGUMENT................................................. 4

This Court Should Strike Pate's Petition Due To His
Noncompliance with Rule 39 (c)(1) of the Alabama Rules Of
Appellate Procedure..................................... 4

CONCLUSION.............................................. 10

CERTIFICATE OF SERVICE.................................. 7

# TABLE OF AUTHORITIES

**Rules**

Ala. R. App. P.,

Rule 39 (a) ......................................... 9

Rules 39 (c)(1), 40 (c)(d)(1) ..................... 8, 9

Rule 40 (c) ......................................... 9

## STATEMENT OF THE CASE AND FACTS

On November 19, 2004, Brian Scott Pate had a Rule 32 evidentiary hearing before the Houston County Circuit Court, Honorable Larry K. Anderson presiding. Pate's petition was denied on the same day and he subsequently filed a notice of appeal with the Alabama Court of Criminal Appeals on January 7, 2005.

The Alabama Court of Criminal Appeals dismissed his appeal as untimely filed on February 2, 2005. Petitioner's Exhibit 1. On February 28, 2005, Pate filed a "Motion to Reconsider", which the Court of Criminal Appeals denied on March 2, 2005. Petitioner's Exhibit 4.[1] The State of Alabama requests that this Court strike Brian Scott Pate's petition for a writ of certiorari based on his failure to file an application for rehearing as a prerequisite to certiorari review as required by Rule 39 (c)(1) of the Alabama Rules of Appellate Procedure.

---

[1] References to exhibits are to the exhibits attached to Pate's petition before this Court.

## STATEMENT OF THE ISSUE

Should this Court strike Pate's petition for a writ of certiorari due to his failure to comply with Rule 39 and Rule 40 of the Alabama Rules of Appellate Procedure?

## STANDARD OF REVIEW

Strict compliance with the provisions of Rule 39 of the Alabama Rules of Appellate Procedure is necessary to obtain certiorari review. <u>Ex parte McCloud</u>, 423 So. 2d 215 (Ala. 1982).

## SUMMARY OF ARGUMENT

Pate has failed to file an application for rehearing in the Court of Criminal Appeals which is a <u>prerequisite</u> to review by certiorari in the Supreme Court of Alabama. Pate is required to make application pursuant to <u>Ala. R. App. P.</u> Rule 39 (c)(1). Therefore, due to Pate's noncompliance with Rule 39 (c)(1), this Court should strike his petition. <u>Ex pate McCloud</u>, 423 So. 2d 215 (Ala. 1982).

3

ARGUMENT

**This Court Should Strike Pate's Petition Due To His Noncompliance with Rule 39 (c)(1) of the Alabama Rules Of Appellate Procedure.**

Pate has failed to comply with the requirements of Rule 39 (c)(1) which provides:

> "The filing of an application for rehearing in the Court of Criminal Appeals is a <u>prerequisite</u> to review by certiorari in the Supreme Court [of Alabama], except:
>
> (A) In the case of a pretrial appeal by the state in a criminal case, or
>
> (B) In the case of review of a decision by the Court of Criminal Appeals on an original petition for a writ of mandamus where the petitioner seeks review by the Supreme Court by petition for writ of mandamus pursuant to Rule 21 (e) of these Rules." (emphasis added) <u>See also</u> <u>Ala. R. App. P.</u> Rule 40 (d) (1).

Pate filed his petition for writ of certiorari and brief in support in this Court without first filing an application for rehearing with the Court of Criminal Appeals. Neither exception to this rule is applicable to his case. While Pate filed a "Motion to Reconsider" in the Court of Criminal Appeals, the "motion" was not an application for rehearing; further, if it were construed as such, it was untimely filed. Pate's "Motion to Reconsider" was filed on February 28, 2005, more than fourteen days

4

after the February 2, 2005 dismissal of his appeal.  <u>See</u>
<u>Ala. R. Crim. P.</u> Rule 40 (c).  Therefore, Pate has failed
to comply with Rule 39 (c)(1) of the Alabama Rules of
Appellate Procedure.

"Certiorari review is not a matter of right, but of
judicial discretion.  A petition for a writ of certiorari
will be granted only when there are special and important
reasons for the issuance of the writ."  <u>Ala. R. App. P</u> Rule
39 (a).  On November 19, 2004, the Houston County Circuit
Court denied Pate's Rule 32 petition and informed Pate of
his right to file a Notice of Appeal in 42 days pursuant to
Rule 26 (a) of the Alabama Rules of Appellate Procedure.

Pate subsequently filed his Notice of Appeal on January
7, 2005 more than 42 days after the trial court's judgment.
The Court of Criminal Appeals properly summarily dismissed
his appeal as untimely filed on February 2, 2005.  Due to
Pate's failure to first seek rehearing in the Court of
Criminal Appeals as required to invoke the Court's
jurisdiction, see <u>Ala. R. App. P.</u> Rules 39 (c)(1), 40
(c)(d) (1), this Court should strike Pate's petition.

## CONCLUSION

Based on Pate's failure to comply with the requirements of <u>Ala. R. App. P.</u> Rules 39 and 40, this Court should strike his petition for writ of certiorari.

Respectfully submitted,

Troy King
Attorney General

Marc A. Starrett
*Assistant Attorney General*
By:

Madeline Hinson Lewis
*Assistant Attorney General*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>23rd</u> of March, 2005, I did serve a copy of the foregoing on Pate, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

> Brian Scott Pate
> AIS #229345/KFD-3
> Kilby Correctional Facility
> P. O. Box 150
> Mt. Meigs, Alabama  36057

Madeline Hanson Lewis
Assistant Attorney General


ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300

192765/76681-001

7