IN THE SUPREME COURT OF ALABAMA
CRIMINAL APPEALS CASE NO. CR-04-0781
SC CASE NO. 1040835

| | |
|---|---|
| BRIAN SCOTT PATE | * |
|    APPELLANT | * APPEALED FROM THE CIRCUIT |
| | * COURT OF HOUSTON COUNTY, |
| | * ALABAMA CC-02-1461.60; |
| VS. | * THRU. CC-02-02-1472.60 |
| | * |
| STATE OF ALABAMA | * |
|    APPELLEE | * |

### ANSWER TO ATTORNEY GENERAL'S RESPONSE

Comes now your petitioner, BRIAN SCOTT PATE, pro-se, and Submits this answer to the Attorney Generals reply to the Petitioners application for Writ of Mandamus, and states that the Attorney Generals arguments are without merit, for grounds therefore, assigns the following, separately and severally, to-wit:

1.) Pate's Notice of Appeal was filed with the Circuit Court Clerk of Houston County on January 7, 2005.

2.) On January 19, 2005 Judge of Houston County made an entry on the Case Action Summary Sheet, "Appeal noted but appears untimely."

3.) On February 4, 2005 Pate received an order from the Court of Criminal Appeals CR-04-0781 which stated in part "...the Court of Criminal Appeals orders that said appeal be and the same is hereby DISMISSED as untimely filed. ..."

4.) Pate then filed a Motion for Reconsideration with the Court of Criminal Appeals.

5.) On March 3, 2005 Pate received an order from the Court of Criminal Appeals which stated, "

EXHIBIT 5

Appellant's motion to reconsider dismissal of his appeal as untimely is DENIED."

## ARGUMENTS

Pate contends that he did not have an appeal, or motion before the Court of Criminal Appeals prior to receiving notice on February 4, 2005 that his appeal was denied as untimely filed. The Court of Criminal Appeals did not notify Pate that they were considering the Circuit Courts opinion as to his Notice of Appeal being untimely filed, which denied Pate due process by not affording him the opportunity to refute the allegations made by the Circuit Court of Houston County.

Pate then filed his motion for reconsideration with the Court of Criminal Appeals including his arguments and supporting attachments, which was denied on March 3, 2005.

Pate asserts that since he did not have anything before the Court of Criminal Appeals for consideration that an Application for Rehearing was not the proper venue for Pate to seek relief from the court, as alleged by the Attorney General's Office. Furthermore that his motion for reconsideration was the proper action to take and therefore Rule 39(c)(1) does not apply in this instance, since this rule applies to an application for rehearing.

Both the Attorney General's Office and the Circuit Court of Houston County know that Pate was given an illegal and excessive sentence pursuant Alabama Law and are only attempting to preclude him from being able to bring this issue before the Appellate Courts.

Wherefore Pate respectfully request that this Honorable Court dismiss the Attorney Generals arguments as having no merit and grant Pates Writ of Mandamus and allow him to proceed with his appeal.

Respectfully submitted on this the 28th day of March 2005.

*Brian Scott Pate*
Brian Scott Pate

2

## CERTIFICATE OF SERVICE

    I certify that I have on this the 28th day of March, 2005, Served a copy of this Motion on the Respondent Judge, the District Attorney of Houston County and all other parties to the action in the trial court whose names are listed below, by placing same in the U.S. Mail with sufficient U.S. Postage attached on this the 28th day of March, 2004.

*Brian Scott Pate*
Brian Scott Pate,
Petitioner, pro-se
AIS# 229345/KFD-3
P.O. Box 150
Mt. Meigs, Al 36057

Alabama Court of Crominal Appeals

Circuit Court Clerk of Houston County

Circuit Court Judge of Houston County

Honorable Lane W. Mann, Clerk
Court of Criminal Appeals of Alabama

Office of the District Attorney
Houston County Alabama

Honorable Troy King
Attorney General for the State of Alabama

4