# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,

**Alabama Rules of Criminal Procedure)**

Case Number

CC **02** 1461-1472
ID    YR   NUMBER

IN THE _CIRCUIT_ _____ COURT OF _HOUSTON CO._ ALABAMA

_BRIAN SCOTT PATE_ _____ vs. _STATE OF ALABAMA_

Petitioner (Full Name)                    Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _229345_ _____ Place of Confinement _KILBY CORRECTIONAL FACIL_

County of conviction _HOUSTON COUNTY_

**NOTICE:   BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack _DOTHAN, HOUSTON COUNTY ALABAMA_

2. Date of judgment of conviction _May 22, 2003_

3. Length of sentence _(12) 20 YR SENTENCES RUN CONSECUTIVELY_

4. Nature of offense involved (all counts) _10 CTS RAPE 2ND DEGREE   2CTS SODOMY
   2ND DEGREE_

5. What was your plea?   (Check one)
   (a)  Guilty _X_
   (b)  Not guilty _____
   (c)  Not guilty by reason of mental disease or defect _____
   (d)  Not guilty and not guilty by reason of mental disease or defect _____

**EXHIBIT**

tabbies®

**2**

6. Kind of trial: (Check one)

   (a)   Jury _____                (b)   Judge only __X__

7. Did you testify at the trial?

   Yes _____                No _____

8. Did you appeal from the judgment of conviction?

   Yes _____                No __X__

9. If you did appeal, answer the following:

   (a)   As to the state court to which you first appealed, give the following information:

         (1)   Name of court _____

         N/A

         (2)   Result _____

         (3)   Date of result _____

   (b)   If you appealed to any other court, then as to the second court to which you appealed, give the following information:

         (1)   Name of court _____

         N/A

         (2)   Result _____

         (3)   Date of result _____

   (c)   If you appealed to any other court, then as to the third court to which you appealed, give the following information:

         (1)   Name of court _____

         N/A

         (2)   Result _____

         (3)   Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No __X__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____

     (2)  Nature of proceeding _____ *N/A* _____

     (3)  Grounds raised _____

     _____

     _____

     _____

     _____

     (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

     Yes _____          No _____

     (5)  Result _____ *N/A* _____

     (6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

     (1)  Name of court _____

     (2)  Nature of proceeding _____ *N/A* _____

     (3)  Grounds raised _____

     _____

     _____

     _____

     _____

     (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

     Yes _____          No _____

     (5)  Result _____ *N/A* _____

     (6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

     (1)  Name of court _____ *N/A* _____

(2)  Nature of proceeding _____ *N/A* _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary) _____

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)  Result _____ *N/A* _____

(6)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No _X_

(2)  Second petition, etc.         Yes _____          No _X_

(2)  Third petition, etc.          Yes _____          No _X_

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ *N/A* _____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

_X_     A.  <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.</u>

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1)   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)   Conviction obtained by use of coerced confession.

(3)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)   Conviction obtained by a violation of the privilege against self-incrimination.

(6)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)   Conviction obtained by a violation of the protection against double jeopardy.

(8)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)   Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

B.   **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C.   **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D.   **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E.   **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____        No __X__

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____ N/A _____

(b)  Result _____

(c)  Date of result _____
      (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____        No __X__

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

    (a)   At preliminary hearing _____ *Mr. Crespi* _____

    (b)   At arraignment and plea _____ *MR. CRESPI* _____

    (c)   At trial _____ *N/A* _____

    (d)   At sentencing _____ *MR CRESPI* _____

    (e)   On appeal _____ *N/A* _____

    (f)   In any post-conviction proceeding _____ *N/A* _____

    (g)   On appeal from adverse ruling in a post-conviction proceeding _____
                *N/A*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes _X_             No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes _____             No _X_

    (a)   If so, give name and location of court which imposed sentence to be served in the future: _____
           *N/A*

    (b)   And give date and length of sentence to be served in the future: _____
           *N/A*

    (c)   Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

        Yes _____             No _X_

18. What date is this petition being mailed?

    *4-7-04*

    Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____ Mr. Crespi _____

(b) At arraignment and plea _____ Mr. Crespi _____

(c) At trial _____ N/A _____

(d) At sentencing _____ Mr. Crespi _____

(e) On appeal _____ N/A _____

(f) In any post-conviction proceeding _____ N/A _____

(g) On appeal from adverse ruling in a post-conviction proceeding _____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes __X__          No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __X__

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
_____ N/A _____

(b) And give date and length of sentence to be served in the future: _____
_____ N/A _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No __X__

18. What date is this petition being mailed?

_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ____3-4-04_____.
(Date)

_Brian Scott Pate_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the ___4th___ day of ___March_____ 2004

_Perry O. Woods / May 28, 2007_____
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

# In the Circuit Court of Houston County, Alabama

Brian Scott Pate                                          *

Petitioner, Pro-Se                                       *

Vs.                                                      *    Case No. CC-02-1461-1472

State of Alabama                                         *

Respondent                                               *

## <u>Rule 32 Cover Sheet</u>

Comes now the Petitioner, Brian Scott Pate, pro se, and declares he is Indigent and without funds to pay Court cost or filing fees, as evidenced by the <u>In Forma Pauperis Declaration,</u> attached, and files this Rule 32 Petition.

The Petitioner respectfully request that the Circuit Court Clerk of Houston County, Alabama, stamp filed the Court's Copy and the Circuit Clerk's Copy and file same in accordance with the Alabama Rules of Appellate Procedure, and return to the Petitioner a copy of this cover page stamped with the date filed along with a copy of the Case Action Summary Sheet showing the entry date of the filing of this Petition to the Petitioner at the address listed here-in.

Respectfully Submitted

*Brian Scott Pate*
Brian Scott Pate
AIS# 229345 / KFD – 3
P.O. Box 150
Mt. Meigs, Al. 36057-0150

# Table of Contents

| **Table of Contents** | **Page** |
|---|---|
| Table of Contents | i |
| Table of Authorities | ii |
| Grounds | 1 |
| Statement of Case | 2 |
| Statement of Facts | 3 |
| Averments | |
|     Issue I | 5 |
|     Issue II | 5 |
|     Issue III | 5 |
|     Issue IV | 6 |
|     Issue V | 6 |
| Arguments | |
|     Issue I | 7 |
|     Issue II | 8 |
|     Issue III | 11 |
|     Issue IV | 13 |
|     Issue V | 14 |
| Conclusion | 16 |
| Certificate of Service | 17 |
| Exhibit A (1) and A (2) | 18 |
| Petitioners Verification under Oath/Notary | 20 |

# Table of Authorities

**Cases Cited**                                                                 **Page (s)**
Allen vs. State 472 So 2d 1122 (Ala. Crim. App. 1985)                           14,15
Boykin vs. Alabama 395 U.S. 238,89 S. Ct 1709 23 L. Ed.2d 274 (1969)            13
Bridges vs. State 391 So 2d 1086 (Ala. Crim. App. 1978)                         8
Carter vs. State 55 Ala. App. 565, 317 So 2d 532 (1975)                         6
Carter vs. State 291 Ala. 83, 277 So 2d 896 (1973)                              13
Congo vs. State 455 So 2d 296 (Ala. 1984)                                       10
Dill vs. State 484 So 2d 491, 497 (Ala. Crim. App. 1985)                        7
Ex Parte Cassady 486 So 2d 453 (Ala.1986)                                       10
Ex Parte Swain 527 So 2d 1279 (Ala. 1988)                                       10
Ex Parte Yarber 437 So 2d 1330 (Ala. 1983)                                      5
Hall vs. State 655 So 2d 51 (Ala. Crim. App. 1995)                              14
Hoppins vs. State 440 So 2d 1125 (Ala. Crim. App. 1983)                         8,10
House vs. Balkcom 725 F. 2d 608, 617-618 (11th Cir.) Cert. Denied             16,17
     -U.S.-105 S. Ct. 218,83 L. Ed. 2d 148 (1984)
King vs. State 574 So 2d 921 (Ala. Crim. App. 1990)                             14
Knight vs. State 55 Ala. App. 563,317 So 2d 532 (1975)                          13
McGuff vs. State 49 Ala. App. 88, 268 So 2d 868, Cert. Denied                   11
     Ala. 746,268 so 2d 877 (1972)
McQueen vs. Swenson Supra 498 F. 2d at 213                                       5
Ross vs. State 529 So 2d 1074 (Ala. Crim. App. 1988)                            14
Sharp vs. State 340 So 2d 885 Ala. Crim. App.), Cert. Denied 340 So 2d 889 (Ala. 1976)  15
State vs. Bibby 47 Ala. App. 240, 252 So 2d 662 (1971)                          12
State vs. Terry 601 So 2d 161 (Ala. Crim. App. 1992)                            7
Strickland vs. Washington 466 U.S. 668, 104 S. Ct. 2052 80 L. Ed. 674 (1984)    7
Thomas vs. State 280 Ala. 109, 190 So 2d 542 (1966)                             11

**Alabama Rules of Criminal Procedure**
Rule 14.3 (b)                                                                    8
Rule 14.4 (a) (1) (ii)                                                           6,13
Rule 26.9 (b) (1), (2), (3), (4)                                                14

**Code of Alabama 1975**
Article 12-22-130                                                               12
Article 13A-6-61, 13A-6-62, 13A-6-63, 13A-6-64                                  14
     13A-6-61 (a) (1), 13A-6-62 (a) (1), 13A-6-63 (a) (1)
     13A-6-63 (a) (3), 13A-6-64 (a) (1)

**United States Constitution**
Amendments 4th, 6th, 8th, 14th                                          4,11,16

**Black's Law Dictionary**
Blind Plea                                                                      11
Negotiated Plea                                                                 11

**<u>ABA Standards for Criminal Justice</u>**
Sentencing Alternatives and Procedures 18-6,6 (a) (iii) 2d Ed. 1986                    11

## <u>Grounds</u>

All of the following Grounds, although separate and independent from the others, are averred to be supportive to the claim of Ineffective Assistance of Trial Counsel.

<u>Issue I</u>        Ineffective Assistance of Trial Counsel. Mr. Crespi prejudiced his client And denied him quality representation of Counsel in his Defense and ultimately at the Plea Agreement.

<u>Issue II</u>       The Courts violated the Defendant's Due Process Rights as guaranteed him by the Constitution of 1901, when they strayed from the guidelines set by the Rules of Court, Alabama Rules of Criminal Procedure, and Established Case Authority of Alabama Court of Criminal Appeals in accepting a "Blind Plea."

<u>Issue III</u>      The Courts errored in the instructions given to the Defendant, as to withdrawing his Guilty Plea and or effecting a proper Appeal.

<u>Issue IV</u>       The Courts errored when instructing the Defendant during the Colloguy, as to the maximum amount of time the Defendant could receive as a result of his Guilty Plea.

<u>Issue V</u>        The Instant Indictment that charged the Defendant with both 1st degree Rape and 2nd degree Rape was void, therefore the Court did not have Jurisdiction to accept the Guilty Plea of the Defendant.

## Statement of Case

The Petitioner entered into a Plea Agreement with the State on 3-6-03. This Plea Agreement was to be a Blind Plea, with no recommendations from the Prosecution as to the length of sentence.

The Prosecution then voiced it's opinion as to the length of sentence, and as to how the sentences were to run, (consecutive).

This was a breach of the original Plea Agreement by the Prosecution, and thus voided the Plea. The Courts have held, that once a Plea Agreement has been made the State must adhere to the conditions of that Agreement. The Court must also state the minimum and maximum sentence that could be given by the Court.

The Defendant, Mr. Pate, never having been involved with the Judicial Process prior to the charges brought against him in this Indictment, was solely at the mercy of the information and advise given to him by his Attorney of record, Mr. Crespi. It was not only the Courts duty to inform the Defendant of the maximum sentence he could have received by his Pleading Guilty, it was his Attorney's responsibility to make sure he understood that by entering a Guilty Plea to these charges he could receive a maximum of 240 years, if the sentences were to be run consecutive.

The only information regarding sentencing that Mr. Pate received from his attorney was, if he did not Plead Guilty to 2nd degree rape and was found guilty of 1st degree rape, he would surely receive a Life sentence. Mr. Pate was under the impression, after consulting with his attorney, that by Pleading Guilty to 2nd degree rape he could only receive a maximum of 20 years in prison. Never was it explained to Mr. Pate, either by his attorney or by the court that the term of sentence he could receive by entering a Guilty Plea could range from 2 to 240 years in prison.

The Defendant entered a Blind Plea of Guilty to 12 counts of 2nd degree rape on advice of his attorney, Mr. Crespi.

The Court accepted Mr. Pate's Guilty Plea and Breached the Plea Agreement by asking the Prosecution if they had anything to say as to sentencing. The Prosecutor requested a sentence hearing. The Defendant was instructed by the court, that by Pleading Guilty, he was giving up his right to Appeal, unless his Attorney "Timely files a motion to withdraw His Not Guilty Plea."

The Prosecutor at the Sentencing Hearing was not the same Prosecutor that was present during the acceptance of the Guilty Plea by the Defendant. During sentencing the Prosecutor, Mr. Bindford asked the court for the maximum range of sentence in these cases. Mr. Bindford also opposed the Court running the sentences concurrent.

The Judge then sentenced the Defendant to 20 years on each count, all to run consecutive. Instead of Mr. Crespi immediately objecting and making an oral motion at that time to withdraw his client's Guilty Plea, his only words were, "Thank you, your Honor."

The entire Guilty Plea Proceedings were void, and the Defendant's Attorney should have objected because the Indictment charged 1st degree rape and 2nd degree rape, which are two distinctly different crimes. Mr. Crespi's failure to know the Law and Pertinent Case Authority regarding this improper Indictment, prejudiced his client, there is no doubt that the ineffective assistance by Mr. Crespi, falls within the decisions of the Appellate Courts of Alabama.

## Statement of Facts

The Plea and Sentencing Hearing in this case is void for several reasons. The first being that the Indictments itself was void by charging both 1st and 2nd degree rape. The rulings from the Appellate Courts are clear that 2nd degree rape is a separate and distinct crime from 1st degree rape, and cannot be used as a lesser included offense of the latter. The Defendant's Attorney, Mr. Crespi, should have been aware of this and moved the Court to dismiss the indictment as charged. His failure to do so severely prejudiced his client by allowing the charge of 1st degree rape to be used as a leverage to obtain a Guilty Plea on the lesser offense of 2nd degree rape. This information is available just by reading the Code of Alabama (1901) under the Rape Statutes. There is no excuse for this type of Ineffective Assistance from Defense Counsel.

The second reason the Plea and Sentencing Hearings are void, is the State and the Court did not follow the Rules of Court in accepting a "Blind Plea" to the charges of 2nd degree rape. In a Blind Plea the State has no right to make recommendations to the Court as to length of sentence or if sentence should be run consecutive or concurrent with any other sentence.

The Defendant's Attorney of record was ineffective in his representation in this case. These issues are clearly stated in good case authority, and are issues that any effective Attorney should know. By Mr. Crespi not knowing this information, he persuaded his client to Plea Guilty to a void Indictment. He allowed the court to allow the Prosecuting Attorney to make recommendations to the Court as to the length of sentence and the manor in which the sentences were to be served, carried out, and himself convinced the Defendant that if he did not Plead Guilty to the 2nd degree rape charges, he would most likely be found Guilty of 1st degree rape and receive a sentence of "Life" in prison. At no time during the discussion about the Defendant Pleading Guilty, did Mr. Crespi inform the Defendant that he could possibly receive 240 years in prison.

The Court itself confused and improperly instructed the Defendant, when at sentencing the Court stated in it's instructions and Colloquy with the Defendant, that the Defendant could only Appeal if he withdrew his Not Guilty Plea. Not once during the Plea did the Court explain the maximum range of punishment the Defendant could receive by entering a Guilty Plea. The actual range was 2 to 240 years, not 2 to 20 years as stated by the Court. Although did state "...It is within my discretion to run those sentences consecutively or concurrently...," it failed to explain to the Defendant that by running the sentences consecutively the range of punishment would be a minimum of 20 years or a maximum of 240 years. This error by the Court let the Defendant believe, by Pleading Guilty that he could only receive, at most, 20 years total.

The Trial Court errored in it's instructions to the Defendant during the Colloquy, when it informed the Defendant the only way he could Appeal was to withdraw his Not Guilty Plea. This confused the Defendant because he knew he Plead Guilty; therefore he was unaware of his right to withdraw his Guilty Plea and Appeal. Mr. Crespi should have corrected the Court at this point, and should have asked the Court to clarify its statement.

When the Defendant finally found out that he could withdraw his Guilty Plea and requested that Mr. Crespi do so, Mr. Crespi's answer to his client was that obligation to the Defendant ended after the sentencing hearing. There is no record of Mr. Crespi filing a motion to be relieved of his obligation to the Defendant, therefore he was still the Attorney of record, and obligated to file the motion to withdraw the Guilty Plea. Even if this Court were to somehow construe that Mr. Crespi's obligation did end after sentencing, it was Mr. Crespi's duty to his client to discuss with him Immediately after Pronouncement of Sentence and before the

Court adjourned, the option of withdrawal of his Plea and going to Jury Trial. What competent Attorney would allow his client to Plead Guilty to 240 years? None!!! This grievous error by Mr. Crespi, alone, is enough evidence to support ineffective of Counsel claim.

## Averments

### Issue I

**Ineffective Assistance of Trail Counsel**

Issue 1 goes into the heart of our Judicial system and is a right guaranteed to all citizens of the United States and the State of Alabama by the Constitution of The United States and The Constitution of Alabama 1901. Effective Assistance of defense counsel is essential to protect the Rights of any citizen brought before the courts to answer to a charge placed against him by another. Mr. Crespi failed his client, Brian Scott Pate, during the Judicial Process. It was Mr. Crespi's responsibility to insure that his client's rights were not violated during the Criminal Proceedings.

It is evident by the issues presented here in this Petition that Mr. Crespi's performance fell far below the customary standard outlined in McQueen vs. Swenson, supra 498 F2d at 213. Mr. Crespi's failure to attack the validity of the multiplicious counts in the Indictment, failure to challenge the validity of the charges placed against his client in the two count Indictment, his failure to object to the mistakes made by the court during the Colloquy Phase of the Plea, his failure to immediately object to the State being allowed to make recommendations at sentencing on a Blind Plea, and his failure to immediately consult with his client after sentencing to determine if his client wished to withdraw his Guilty Plea, are mistakes that Prejudiced his client and denied Mr. Pate Due Process.

These mistakes and lack of expertise and professionalism cannot be considered as Trial strategy by his court. Mr. Pate had never been in a court of law and depended on the experience and guidance from his Attorney, who is suppose to be knowledgeable as to Court Proceedings and Case Law. Mr. Crespi's performance was substandard and would be considered so by anyone who had the slightest working knowledge of the Law and Court System.

### Issue II

**The Courts failure to follow the A.R.C.P. as they pertain to acceptance of a Blind Plea**

When the Defendant Plead Guilty to the 2nd degree rape and sodomy charges, and it was the understanding of the Defendant that the State would dismiss the 1st degree rape and sodomy charges, and that the State would have no input as to length of sentence. This was clearly expressed by the court during the Plea acceptance and Colloguy Phase of the Proceedings. When it came time for the Sentence Hearing, the court asked the Prosecuting Attorney for his recommendations. This was a violation of the Agreement between the defendant and the State and Pursuant to the Appellate Courts decisions in Ex parte Yarber. 437 so 2d 1330 (Ala. 1983). The Defendant has a right to enforce the terms and conditions of a Plea Agreement.

The Court had no right to ask the Prosecutor for recommendations, since it knew that the Plea Agreement was to the contrary, and the Defendant's Blind Plea's were based on this Agreement.

### Issue III

**The court errored when instructing the Defendant as to his rights to withdraw his Plea and Appeal.**

During the Colloguy Phase of the Proceedings, the court errored when it instructed the Defendant on his right to Appeal. The Court stated, "…That by entering Pleas of Guilty, you are

5

waving your right to Appeal these decisions, unless your Attorney timely files a motion to withdraw your <u>Not Guilty</u> Plea..."

The Defendant, having never been before the Courts, was confused by this statement, and thought he had no right to Appeal because he did not enter a <u>Not Guilty</u> Plea. He entered a <u>Guilty Plea</u>. It wasn't until several weeks later, after he contacted Mr. Crespi that he wished to withdraw his Plea. At that time, was advised by Mr. Crespi that he was no longer his Attorney, and that the Defendant would have to effect his own motion to withdraw his Plea.

This confusion made by the Courts error denied the Defendant Due Process, and his right to Appeal the decision of the Court.

### Issue IV
### The Court errored when informing the defendant during the Colloguy, as to the maximum sentence that the Court could impose.

During the Colloguy, the courts failed to inform the defendant as to the proper minimum and maximum sentence he could receive by entering a Guilty Plea. It is now clear to the defendant why the Court deceived him when informing him of the Proper sentence range.

Alabama Rules of Criminal Procedure Rule 14.4 (a) (1) (ii) specifically states the Court shall inform the defendant of "... the maximum possible penalty provided by Law." The Appellate courts have been clear and explicit on this matter in prior decisions, they have held the minimum and maximum possible sentences are an "...absolute Constitutional prerequisite to acceptance of a Guilty Plea."   See <u>Carter vs. State</u>, 55 Ala. App. 565, 317 so 2d 532 (1975).

The defendant asserts that, had the court informed him that the maximum sentence he could receive would be 240 years, he never would have Plead Guilty.

### Issue V
### The Indictment charging both 1st degree and 2nd degree Rape and Sodomy were void, and thus the Court did not have Jurisdiction to accept the Guilty Plea from the Defendant and impose sentence.

The Prosecuting Attorney used cohersive tactics to affect a Guilty Plea from the Defendant when he was charged with both 1st degree and 2nd degree rape and sodomy in the Indictments. Pursuant to both, the Code of Alabama and Alabama Appellate Court decisions. 1st degree rape and 2nd degree rape are two distinct separate crimes and cannot be charged in the same Indictment as count I and count II. The elements for each offense are different and therefore, 2nd degree rape and sodomy cannot be used as a lessor included offense of 1st degree rape or sodomy. Since the elements of 1st degree rape and 2nd degree rape are different, the Defendant could only commit one offense, not both. Therefore should not be charged with both.

The only plausible reasoning for the Prosecuting Attorney to include both on the Indictment would be either to inflame the Jury, if the case went to Trial, or to coheres the Defendant into Pleading Guilty to 2nd degree offense by the threat of a Life sentence if found Guilty to the 1st degree offense.

# Arguments

## Issue I-Ineffective Assistance of Trial Counsel

Ineffective Assistance of Counsel, though sometimes is difficult to prove, in this case is supported by numerous case Authority. There can be no doubt in the mind of the court that if not for ineffective representation of Mr. Crespi, the Defendant, Mr. Pate, would not be serving 240 years on the charges presented by the District Attorney's Office of Houston County, Alabama. "To prevail upon a claim of Ineffective Assistance of Counsel, the Defendant must establish <u>both</u> that Counsel's performance was deficient and that the Defendant's performance prejudiced the defense of the extent that a different outcome of the Trial <u>probably</u> would have resulted but for Counsel's Allegedly Ineffectiveness of performance. "<u>State vs. Terry</u>" 601 So 2d 161 (Ala. Crim. App.1992), Also see <u>Strickland vs. Washington,</u> 466 U.S. 668, 104 S.C.T. 2052, 80L. Sd 2d 674 (1984).

We only have to look at the way the Plea was handled to realize that Mr. Crespi failed his client 100%. At no time should an attorney fail to investigate the circumstances of the events that his client is charged with. At no time should an attorney coheres his client into Pleading Guilty by telling him if he goes to Trial and is found Guilty, he would receive a Life Sentence. But if you take the Plea Agreement and Plea Guilty to the 2nd degree charges, you will only get a maximum of 20 years. At no time would no competent attorney allow the courts to sentence his client to 240 years, after a Guilty Plea, and fail immediately to move the court to withdraw the Guilty Plea.

Mr. Crespi failed to render effective Assistance to his client before, during, and after the plea. This lack of professionalism can only be construed to be <u>deficient performance</u> and thus Prejudiced his client to the extent that the outcome of the sentencing portion of this case would have been different if competent counsel had been representing Mr. Pate. This court must realize that no other competent Attorney would have this sentence to stand.

In Mr. Crespi's own words at the sentencing Hearing, he proves his ineffectiveness (TR. Page 29)

Mr. Crespi:   "Okay your Honor, for the record, we ask that these cases be run concurrent with each other."

The Court:   "I can't see doing that. I will hear from y'all regarding that."

Mr. Crespi:   "I have nothing further to say beyond what I have already said to the court."

The Court:   "It is not my inclination to do it. All right, they are to run consecutively."

Mr. Crespi:   "Thank you, your Honor."

<u>Thank you, your Honor!</u> What competent Attorney would stand there in court and hear the court sentence his client to 240 years and say, "Thank you, your Honor?" <u>None!</u> At this point it was Mr. Crespi's obligation to his client to ask the court's indulgence while he spoke to his client, and then explained to his client what had just transpired and ask him if he wished to withdraw his Guilty Plea. It was here that Mr. Crespi should have made an oral motion to the court to withdraw his client's Guilty Plea, not thank the court for giving his client what amounts to a death sentence behind bars. Mr.Crespi should have been prepared, in court, to withdraw the Guilty Plea, in the event that this grievous miscarriage of Justice were to occur.

<u>Effective Representation</u> consistent with the Sixth Amendment involves the independent duty to investigate and <u>prepare</u>!! <u>Dill vs. State</u> 484 so 2d 491, 497 (Ala. Crim. App.1985) (Emphasis added)

"...in this regard, the Eleventh Circuit has indicated the rule that effective representation, consistent with the Sixth Amendment, also involves <u>The Independent duty to investigate and prepare!</u>" <u>House vs. Balkcom</u> 725 F 2d 608, 617-618 (11th Cir.) Cert. Denied –U.S.-105 S.C.T. 218,83 L.Ed. 2d 148 (1984) (Emphasis added)

"The conduct of Defense Counsel must be judged by the reasonably effective Assistance test of <u>Strickland,</u> rather than the force, sham, or mockery of Justice Standard of Ineffectiveness previously employed in this state." <u>Hoppins vs. State</u> 440 so 2d 1125 (Ala. Crim. App. 1983), see also <u>Bridges vs. State</u> 391 so 2d 1086.

Mr. Crespi failed his client in phases of these proceedings. He failed to investigate the circumstances of the alleged crimes; he failed to question the validity of the multiplicious Indictment; he failed to move that the Indictment be dismissed because 1st degree rape and 1st degree sodomy have different elements of the offense than 2nd degree rape and 2nd degree sodomy. Therefore it is impossible to commit 1st degree rape or sodomy if one has committed 2nd degree rape or sodomy because the element of age of the victim is different; he failed to properly advise his client of the potential time he could receive if his client Plead Guilty; he failed to object to the District Attorney voicing his opinion as to what the sentence should be and how the sentences should run, concurrently or consecutively; he failed to advise his client of his right to withdraw his Guilty Plea; he failed to object to the courts improper instructions to his client during the Colloquy where the court failed to properly instruct the Defendant to the proper maximum sentence he could receive by his Guilty Plea. See Exhibit A (1) and A (2)

Any one of these failures, by Mr. Pate's Attorney, would prove Ineffective Assistance. But combined, there can be no doubt that Mr. Crespi's Ineffectiveness prejudiced his client and denied Mr. Pate Effective Assistance of Counsel as guaranteed him by the 6th Amendment of the Constitution of The United States as outlined and mandated by the decisions of The Alabama Appellate Courts and the U.S. 11th Circuit Appeals Court in <u>Strickland</u>, <u>Hoppins</u>, and <u>House vs. Balkcom</u> and other cases cited in this issue.

Therefore this court should grant a Fact Finding Evidentiary Hearing, where Mr. Pate can call witnesses and cross examine witnesses to prove this issue.


## <u>Issue II</u>
### <u>The court violated the Defendant's Due Process Rights when they strayed from the guidelines of The Alabama Rules of Court as they pertain to accepting a Guilty Plea.</u>

The Alabama Rules of Criminal Procedure Rule 14.3 (b) states: "If a Plea Agreement has been reached by the parties, the Court shall require the disclosure of the Agreement in open court prior to the time a Plea is offered..."

Mr. Pate entered into a Plea Agreement with the Prosecution on the advice of his Attorney, Mr. Crespi. The terms and conditions of this Agreement were that the State would Dismiss the 1st degree counts of the Indictments and not make any sentencing recommendations to the court in exchange for the Defendant' Plea of Guilty to the 2nd degree counts in the indictments.

During the Plea phase of the Proceeding, it was stated by the court that the Defendant wished to Plead Guilty to the 2nd degree offenses as outlined in the Indictment, (R. 6-7) and no recommendation as to sentence would be given by the state.

The Court: "Now, it is my understanding that you want to Plead Guilty to count 2 of each of these Indictments?"

The Defendant: "Yes, sir."

8

(R7) The Court: "Do you understand that the State---there will not be a
            recommendation?"
Mr. Adams: "No, sir."
The Court: "These are Blind Pleas?"
Mr. Adams: "Yes, sir."
The Court: "There will be no recommendation from the State..."
The Defendant: "Yes, sir."
But at the Sentencing phase, the District Attorney who handled the Plea Acceptance, Mr.
Adams, was not present and a Mr. Binford was present instead.  Mr. Binford was given an
opportunity, by the court, to voice his opinion as to the length of sentence. (R-25 thru 29)
(R-25)
The Court: "Thank you Mr. Binford."
Mr. Binford: "Judge, there is nothing about this case that would mitigate in favor of any
            sentence less than the maximum range sentence in this case..."
(R-27)
Mr. Binford: "...I don't think there is anything that the Court can do to him that ought to
            be done to him.  But I would ask the Court to take in consideration whatever
            sentence the Court will sentence him, he will not serve about 3 or 4 years or
            a little more and come up for Parole and have a good chance at Parole down
            the road.  I would ask the Court to consider that and ask for a maximum
            range sentence in these cases."
(R-28)
The Court: "In each case, it is the Judgement and sentence of the court that you be
            imprisoned in the Penitentiary of The State of Alabama for a period of
            Twenty years."
(R-29)
Mr. Crespi: "Okay your Honor, for the record, we ask that these cases be run concurrent
            with each other."
The Court: "I can't see doing that.  I will hear from you all regarding that."
Mr. Crespi: "I have nothing further to say beyond what I have already said to the Court."
The Court: "All right.  Mr. Binford do you want to be heard concerning that?"
Mr. Binford: "I am opposed to it."

The Court and the District Attorney deceived the Defendant by leading him to believe
that if he Plead Guilty to the 2nd degree charges on each Indictment, that not only would the
District Attorney not make any recommendations to the length of sentence, they would not have
any recommendations as to the sentences running concurrent or consecutive.

This Agreement by the District Attorney was broken and therefore the Plea Agreement
was void.  In this instance, the Defendant has a right to withdraw his Plea, since he relied on the
Agreement in his decision to Plead Guilty.

Pursuant to The Supreme Court Rulings in Ex Parte Yarber, 437 so 2d 1330 (Ala. 1983),
they held "...that a Defendant can compel enforcement of a Plea Agreement..., broken by the
State where he has not yet Pleaded guilty or has otherwise relied on the Agreement to his
advantage."

The issue here is a simple one.  The Defendant relied upon information given to him by
his Attorney and the Prosecuting Attorney, where if he Plead Guilty to the 2nd degree charges,

the 1st degree charges would be dismissed and the state would make no recommendations as to length of sentence. As we can tell by the statement by the court and the District Attorney at the Plea Hearing (R-7), the Defendant relied upon the Agreement when he entered his Guilty Plea, only to be deceived at the Sentencing Hearing when the Court and the District Attorney both violated the Agreement when the Court asked the District Attorney for his recommendations as to sentencing term and rather the sentences should run concurrent or consecutive.

The State and this court may attempt to Justify the deceptive tactics used to entract a Guilty Plea from the defendant by stating that this was a Blind Plea therefore no Agreement was made as to sentencing. But if we look up the definition of <u>Blind Plea</u> and <u>Negotiated Plea</u> you will find the following: (In Blacks Law)

<u>Blind Plea</u>, A Guilty Plea made without the promise of a concession from either the Judge or the Prosecutor. (C.F. Negotiated Plea)

<u>Negotiated Plea</u>, The Plea agreed to by a Criminal Defendant and the Prosecutor in a Plea Bargain. (C.F. Blind Plea)

(C.F.), is used to refer to related but contestable terms.

As this Court can see by the definitions in West Law Dictionary, this was a Negotiated Plea because the District Attorney agreed to: (1) Dismiss the 1st degree charges in each Indictment in exchange for the Defendant's Guilty Plea, and (2) The District Attorney agreed not to make any recommendations as to length of sentence. The term of this Agreement were disclosed in open court (R-4 and R-7). Therefore the State was obligated and bound to honor their Agreement, or as in <u>Ex Parte Yarbor</u>, and subsequent decisions, the Defendant has the right to insist the Court uphold the Agreement.

Informing the Defendant that he would receive no less than 2 years or more than 20 years in exchange for his Guilty Plea and that the State would make no recommendations is definantly a Negotiated Plea Agreement.

I direct this Court to other decisions by The Supreme Court where they have condemned this type of deceptive practices in obtaining a Guilty Plea from a Defendant, in these cases the courts emphasized, "The problem involved here could have been easily avoided had the Plea Agreement been written and <u>All</u> the <u>terms</u> and <u>conditions</u> made a part of the writings, Resolution of cases questioning the existence or contents of the Plea Agreements would be greatly facilitated." (emphasis added) <u>Congo vs. State</u>, 455 So 2d 296 (Ala. 1984), <u>Ex Parte Swain</u>, 486 So 2d 453 (Ala. 1986)

It is ludicrous for this Court to believe that the Defendant would Plead Guilty if he had the slightest notion that he could or would receive 240 years in prison. It should be obvious to this court that the Defendant relied upon the advice of his counsel and the Agreement from the District Attorney's office. That he would receive from 2 to 240 years for his Guilty Plea and as stated by the District Attorney (R-27) that he would only serve 3 or 4 years and make Parole.

These are the kind of underhanded tactics that the Appellate Courts chastised in <u>Hoppins vs. State</u>, 440 So 2d 1125 (Ala. Cr. App. 1983) when they described the "...Farce, sham, or mockery of Justice Standard of ineffectiveness previously employed in this state."

An Evidentiary Hearing is warranted in this case and this court should honor the Agreement of the Plea and sentence the Petitioner to no more than 20 years or allow the Petitioner to withdraw his Guilty Plea and go to trial.

<u>Issue III</u>
**<u>The Courts errored during the Sentencing phase of the proceeding by not following</u>**
**<u>the Alabama Rules of Criminal procedure. Rule 26.9 (b) (1) (2) (3) and (4).</u>**
This issue cannot be overlooked by this Court. The Rules of Court, Common Law, The Alabama Statutes, and The ABA Standards for Criminal Justice all mandate the required by the Court to take when sentencing a convicted Felon.

<u>Rule 26.9 (b) (1 thru 4)</u> Specifically outlines the procedure the Court is to follow during sentencing. This Rule states as follows: (In Pertinent Part)

(b) <u>Pronouncement of Sentence.</u> In Pronouncing sentence, the Court shall:

> (1) Afford the Defendant an opportunity to make a statement in his or her own behalf before imposing sentence.

> (2) State that a credit will be allowed on the sentence, as provided by Law, for time during which the Defendant has been incarcerated on the present charge...

> (3) Explain to the Defendant the terms of the sentence.

> (4) Inform the Defendant as to his Right to Appeal. When informing the Defendant of his Right to Appeal, the Court shall also advise the Defendant that if he is indigent, Counsel will be appointed to represent him on Appeal if he so desires...

It only takes one to review the record of the Sentencing Hearing to determine that <u>NONE</u> of these Rules were followed and the information required by Law was not given. (R-24 thru 29) The Court was so based toward the Defendant because of the nature of the offenses, that it's only concern was to sentence the Defendant and send him to Prison.

In <u>Rule 26.9 (b) (1)</u> The court is required to give the Defendant an opportunity to make a statement in his behalf before imposing sentence. As evidenced by the record, this Court should note that the Defendant was only addressed once by the Court. (R-28) And that was to ask him if he was Brian Scott Pate.

In Alabama, the Right of a Defendant to make a statement on his own behalf exist by Common Law. Prior Alabama decisions require that, in Felony Convictions, the Court <u>MUST ASK</u> the convicted person if he has anything to say as to why sentence of the Law should not be imposed upon him. See, e.g., <u>Thomas vs. State</u>, 280 Ala. 109,190 So 2d 542 (1966); <u>McGuff vs. State</u>, 49 Ala. App.88, 268 So 2d 868, Cert. Denied, Ala. 746, 268 So 2d 877 (1972)
The Defendant was denied Due Process by this Court as guaranteed him by the 6th Amendment of the United States Constitution and the Alabama Constitution of 1901.

In <u>Rule 26.9 (b) (2)</u> the court is required to state on the record that any Jail time on that particular charge will be credited to the Defendant's time as provided by Law.
Again upon review of the Sentencing hearing Record (R-24 thru 29) the Court DID <u>NOT</u> proclaim this order in open court.

The ABA Standards for Criminal Justice, Sentencing Alternatives and Procedures, 18-6.6 (a) (iii) (2d ed 1986) Requires that the Court, "At the time of sentencing, assures that the record accurately reflects the time already spent in custody."

In Rule 26.9 (b) (3) The Court is required to explain the terms of the sentence imposed. At no time did the Court effectively explain the sentence to the Defendant. WHY? This is a simple answer. The court knew if it thoroughly explained to the Defendant that by running the Twelve 20 years sentences consecutively, the Defendant would have a total of 240 years to serve, that the Defendant would have immediately withdrawn his Guilty Plea.

The Law is clear as to the Pronouncement of Sentence, that it must be clear and unambiguous. The Defendant must be aware of the sentence and clear as to the amount of time he or she is to serve. It is obvious that the court sidestepped this clarification in order to prevent the Defendant from withdrawing his Guilty Plea.

Finally in Rule 26.9 (b) (4) it is specifically stated that the Court must inform the Defendant of his Right to Appeal.

In Alabama the Right to Appeal is guaranteed by Statute, Ala. Code 1975, Article 12-22-130; see also State vs. Bibby, 47 Ala. App. 240, 252 So 2d 662 (1971). It is also required by subsection (4) of Rule 26.9 (b), that the Court inform the Defendant that if he is indigent, Counsel will be appointed to represent him on Appeal if he desires.

We have conflicting statements made by this Court as they pertain to the Defendant's Right to Appeal. During the Plea portion of this Proceeding, (R-8) the Court stated; "Do you understand that be entering Pleas of Guilty, you are waiving your Right to Appeal these decisions unless your Attorney timely files a motion to withdraw your Not Guilty Plea,…"

Then during the Sentencing Hearing (R-29) the Court stated; "You have 42 days from this date to appeal these decisions if you choose."

These statements by the Court were both incorrect and confusing to the Defendant. Let's look at the statement made, with regards to the Defendant's Right to Appeal, by the court during the Plea:

The first part of the incorrect statement was, "…you are waiving your Right to Appeal these decisions unless your Attorney timely files a motion to withdraw…" It was not necessary for the Attorney to file a motion to withdraw, the Defendant could have done that verbally in open Court that instant if he so desired. But by improperly instructing the Defendant, he was unaware of his Right to formally withdraw his Plea in open court.

The second and most confusing and damaging part of the statement was, "…to withdraw your Not Guilty Plea," This totally confused the Defendant because he knew he had Plead Guilty, instead of Not Guilty. Therefore he did not realize he had a Right to Appeal.

This was a monumental mistake made by the Court that cannot be considered as simple procedure error that did not effect the Plea Proceedings. The Defendant was undoubtedly prejudiced by this incorrect information.

The final mistake was the Court did not advise the Defendant that if he wished to Appeal and was Indigent, Counsel would be provided to him for the purpose of Appeal.

The errors made by the Sentencing Court cannot be overlooked. It is obvious that the Defendant was denied Due Process, and a new Sentencing Hearing is required. The Defendant, having never been in a Courtroom before, was completely ignorant to the rules of court and was totally dependent upon the knowledge and direction of his Attorney, Mr. Crespi. These errors

should have been known to a competent Attorney. This issues alone gives support to the Defendants claim of Ineffective Assistance of Counsel.

<u>Issue IV</u>
### <u>The Court errored during the Plea phase of the Proceedings when during Colloquy the Defendant was not given the proper minimum and maximum term of confinement he could receive.</u>

This issue is one that is in direct violation of both <u>Rule 14.4 (A) (1) (ii)</u> and <u>26.9</u> (b) (3) Alabama Rules of Criminal Procedure, also established Case Authority. <u>Rule 14:4 (A) (1) (ii)</u> states that the Court must address the Defendant in Court to insure that he understand, "The mandatory minimum penalty, if any, and the <u>maximum possible</u> penalty provided by Law..."

At no time during the Colloquy at the Plea phase or during the Sentencing phase did the court explain to the Defendant that the maximum possible sentence he could receive by entering a Guilty Plea would be 240 years. The Rules of Court are clear that the <u>maximum possible</u> penalty provided by Law must be explained to the Defendant.

In <u>Boykin vs. Alabama</u>, 395 U.S. 238,89 S. CT. 1709, 23 L. Ed. 2d 274 (1969), the Courts stated that a full Colloquy is required to ensure that the Defendant understands what the "Plea cannots and...it's consequences."

Subsection (ii) is designed to meet the requirements of Alabama decisions holding that the Defendant must be informed of the <u>maximum and minimum possible sentence</u> as an "Absolute Constitutional Prerequisites to acceptance of a Guilty Plea." See <u>Carter vs. State</u>, 291 Ala. 83, 277 So 2d 896 (1973); also <u>Knight vs. State</u>, 55 Ala. App. 565,317 So 2d 532 (1975) (emphasis added).

It is evident that this Court failed to follow the Rules of Court and Prejudiced the Defendant by allowing him to Plead Guilty to 12 separate 2nd degree charges, without thoroughly explaining the <u>minimum</u> and <u>maximum</u> possible sentence he could receive as a result of his Guilty Plea. As stated previously in Issue III, the Defendant had never appeared in any Criminal Court and <u>did not</u> know that consecutive sentences would require him to serve 240 years in Prison.

The Court had a second chance to rectify this violation of the Defendant's Constitutional Right to Due Process, at the Sentencing Hearing. <u>Rule 26.9 (b) (3)</u> Alabama Rules of Criminal Procedure, which mandates the Court, explain to the Defendant the terms of the sentence. But, again the Court sidestepped the proper procedure and denied Mr. Pate his Constitutional Right to Due Process.

The only plausible reason for this flagrant abuse of the Criminal Justice System, would be to keep the Defendant uninformed as to the actual length of his sentence to prevent him from exercising his Right to withdraw his Guilty Plea. The sentence handed down by this Court was excessive, vindictive, and Prejudicial and the tactics used to keep the Defendant misinformed as to the term of sentence could be considered as nothing more than a deceptive sham, perpetrated by the District Attorney and the Bench.

The Petitioner, Mr. Pate, deserves a new Sentencing Hearing where his Rights are not violated and the terms of any possible sentence be explained to him.

## Issue V
## The Indictments that charged the Defendant with both 1st degree and 2nd degree offenses of the same crime was void. Therefore the Court did not have Jurisdiction to accept the Guilty Plea of the Defendant.

The Code of Alabama is clear, that 1st degree Rape and 1st degree Sodomy cannot be charged in an Indictment with the lesser offenses of 2nd degree Rape and 2nd degree Sodomy because the elements necessary to commit the 1st degree offenses are different from the elements necessary to commit the lesser 2nd degree offenses.

It is obvious that the District Attorney included both 1st degree and 2nd degree counts in the Indictment because he was unsure of which he would be able to prove in a Trial by Jury.

"Rape in the 2nd degree is not a lesser included offense of Rape in the 1st degree, since the proof necessary to establish the offense of Rape in the 1st degree (the greater offense) does not of necessity establish every element of the offense of Rape in the second degree (the lesser offense). It must be impossible to commit the greater offense without first committing the lesser offense if the lesser offense is to be an included offense of the greater." Allen vs. State, 472 So 2d 1122 (Ala. Crim. App. 1985) (emphasis added)

"A trial Court was without Jurisdiction to accept Guilty Pleas for Rape in the second degree and sodomy in the second degree are not lesser included offenses of their first degree counterpart..."" Hall vs. State, 655 So 2d 51 (Ala. Crim. App.1995)

This Issue is a simple one that is decided by concurrent law and Case Precedence set by the Appellate Courts. The Indictments in this case were multiplicious and illegal. The Double Jeopardy Standard is also at issue here. The instant Indictments charged the Defendant with violation of Article 13A-6-61; Article 13A-6-62; Article 13A-6-63; and Article 13A-6-64. When in actuality should have charged either Article 13A-6-61 (a) (1) or Article 13A-6-62 (a) (1) on the Rape and Article 13A-6-63 (a) (1) or Article 13A-6-63 (a) (3) or Article 13A-6-64 (a) (1) on the Sodomy. By not defining which subsection the Defendant was supposed to have committed his Constitutional Right against Double Jeopardy was violated.

The State does not have the option of generalizing an Indictment to ensure a conviction if the elements of that crime cannot be proven. Each of the subsections have different elements that must be proven in court, to a Jury, beyond a reasonable doubt. Failure of the Indictment to specify that Subsection charged Prejudiced the Defendant by leaving the charge wide open for the District Attorney to prove whichever element of the subsections he felt the Jury would accept.

"Defendant cannot be convicted under both subsections (a) (1) and (a) (3) for a single act." King vs. State, 574 So 2d 921 (Ala. Crim. App. 1990)

Likewise 2nd degree Rape/Sodomy cannot be included in an Indictment for 1st degree Rape/Sodomy because the elements of these offenses are different.

"The instant Indictment could have been the basis of the charge of second degree Rape, to which Ross Pleaded Guilty, only if the charge is a lesser included offense of first degree Rape..." Ross vs. State, 529 So 2d 1074 (Ala. Crim. App. 1988)

"In the context of the offense for which the Appellant was Indicted, Rape in 1st degree requires proof that the victim is less than 12 years old while Rape in the 2nd degree requires proof that the victim is less than 16, but more than 12 years old. Therefore Rape in the 2nd degree is not a lesser included offense of Rape in the first degree, since the proof necessary to establish the offense of Rape in the 1st degree (the greater offense) does not of necessity establish every element of the offense of Rape in the second degree (the lesser offense)...It must be impossible

14

to commit the greater offense without first committing the lesser offense if the lesser offense is to be an included offense of the greater." <u>Sharpe vs. State</u>, 340 So 2d 885 (Ala. Crim. App.), Cert. Denied, 340 So 2d 889 (Ala. 1976). (Emphasis added)

"The age factor necessarily distinguishes these two offenses and make them <u>separate</u> and <u>distinct crimes</u>. The offenses of first and second degree Rape each require proof of a <u>certain age of the victim</u> that the other does not require. Because of this difference, you cannot commit second degree Rape while committing first degree Rape." <u>Allen vs. State</u>, 472 So 2d 1122, 1125-R6 (Ala. Crim. App.1985) (Emphasis added)

Because of these facts and established Case Law the Indictments against the Defendant were void from the onset. The only conceivable purpose the District Attorney could have had including both charges on the Indictment would be to inflame the Jury and thus help him to obtain a conviction or to use the 1st degree counts as leverage to coerce the Defendant into Pleading Guilty to the 2nd degree charges by using the Life Sentence of the 1st degree charges as a threat to gain a Guilty Plea, which is exactly what occurred.

This Court cannot overlook the Constitutional violations implicated in this Issue. A Fact Finding Evidentiary Hearing is required to address this Issue and make a Ruling on it's validity.

## Conclusion

Any one of the Issues presented here in this Rule 32 Petition, if looked at and considered by this Court individually, would warrant a Fact Finding Evidentiary Hearing. But taken collectively there can be no doubt in the Court's mind that the Defendant, Brian Scott Pate, was denied Due Process and Ineffective Assistance of Trial Counsel.

The Petitioner has demonstrated to this Court through the use of current Case Rulings by the Appellate Courts and through the Code of Alabama 1901 and the Alabama Rules of Criminal Procedure that he was denied Effective Representation of Counsel, his 4th, 5th, 8th, and 14th Amendments to the United States Constitution were violated and his Guilty Plea was entered under coercion by the Prosecuting Attorney and his own Defense Counsel.

The Courts errored in their instructions during the Colloquy and the actual sentencing phase of this Proceeding. These mistakes, though they may seem insignificant to this Court and might be considered as harmless error, cannot be overlooked by this Court because of the confusion they presented to the Defendant. The Right to Appeal is a Constitutional Right all American Citizens have and the Courts took this Right away from the Defendant when they improperly instructed him as to the process necessary to effect the Appeal. This error was compounded by his Attorney who told him he was no longer his Attorney and could not Appeal the decision of this Court, then in a letter to the Defendant again used the 1st degree charges as a coercive tactic to persuade the Defendant not to Appeal.

The Indictments in these cases were void because they included a 2nd degree offense of the 1st degree counter parts that the Courts have stated cannot be charged because of the different elements necessary to prove each. An Indictment is the only way the Courts can bring a Defendant to Trial for a Felony. If the Indictment is void, then the Court did not have Jurisdiction to hear the cases. Therefore the conviction and sentence must be set aside and a proper Indictment be presented as the Accusatory Body to properly charge the Defendant.

This Court should grant the Defendant's Petition and order an Evidentiary Hearing to establish the facts of these crimes and give the Petitioner an opportunity to present his Arguments to the Court.

## **Certificate of Service**

I Brian Scott Pate do hereby certify that Three copies of this Petition was mailed to the Circuit Court Clerk with Two copies to be delivered by hand or by mail to the persons listed below at the addresses listed, by placing same in the U.S. Mail with sufficient postage attached on this, the ___7th___ day of __April_____, 2004.

_Brian Scott Pate_
Brian Scott Pate

Circuit Court Clerk (Judy Byrd)

Houston County Court House

P.O. Drawer 6406

Dothan, Al. 36302

District Attorney Office (Douglas Valeska)

P.O. Box 1632

Dothan, Al. 36302-1632

Honorable Larry K. Anderson

Circuit Court Judge

P.O. Drawer 6406

Dothan, Al. 36302

Case Number

CC _02_ 1461-1472
ID   YR   NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_CIRCUIT COURT OF HOUSTON CO. ALABAMA_
[Insert appropriate court]

_BRIAN SCOTT PATE_
(Petitioner)

vs.

_STATE OF ALABAMA_
(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _BRIAN SCOTT PATE_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No _X_

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _Aug. 2002 - around $900.00 month_

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?
   Yes _____    No _X_

   b. Rent payments, interest, or dividends?
   Yes _____    No _X_

   c. Pensions, annuities, or life insurance payments?
   Yes _____    No _X_

   d. Gifts or inheritances?
   Yes _____    No _X_

   e. Any other sources?
   Yes _____    No _____

FILED
HOUSTON CO., AL

Granted.
Anderson, Judge
5/17/04

2

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_Dondilyn Jackson - Sister - $75.00_

_Prison Industry Pay $6.00_

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No X

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No X

If the answer is "yes", describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_NONE_

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _2/18/04_
(Date)

_Brian Scott Prato_
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _1.08_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Kilby Correctional Facility_ institution:

_2/19/04_
DATE

_Jennifer J Harris_
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

3

) STATE OF ALABAMA )
DEPARTMENT OF CORRECTIONS
KILBY CORRECTIONAL FACILITY

AIS #: 229345        NAME: PATE, BRIAN S.                    AS OF: 02/19/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| FEB | 9 | $0.00 | $0.00 |
| MAR | 31 | $0.00 | $0.00 |
| APR | 30 | $0.00 | $0.00 |
| MAY | 31 | $0.00 | $0.00 |
| JUN | 30 | $0.00 | $0.00 |
| JUL | 31 | $0.00 | $0.00 |
| AUG | 31 | $0.43 | $25.00 |
| SEP | 30 | $0.81 | $0.00 |
| OCT | 31 | $0.31 | $0.00 |
| NOV | 30 | $0.31 | $0.00 |
| DEC | 31 | $8.79 | $50.00 |
| JAN | 31 | $6.51 | $0.00 |
| FEB | 19 | $0.87 | $6.00 |

Brian Scott Pace
AIS# 229345/KFD-3
P. O. Box 150
Mt. Meigs, Al.
        36057

FEB    28



This correspondence is forwarded
from an Alabama State Prison. The
Department of Corrections is not responsible
for the substance or content of the enclosed
communication.

Judy Byrd
Circuit Clerk
District Court Clerk
P. O. Drawer 6406
Dothan, Al. 36302

