## In the Circuit Court of Houston County, Alabama

Brian Scott Pate                                    *

Petitioner, Pro-Se                                  *

Vs.                                                 *   Case No. CC-2002-1461.60-1472.60

State of Alabama                                    *

Respondent                                          *

## Amendment to Rule 32 Petition

Comes now the Petitioner, Brian Scott Pate, pro se, and submits this amendment to his Rule 32 Petition pursuant to Rule 32.7 (b) Alabama Rules of Criminal Procedure, which states: " Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of Judgment."

## Relief Requested

Issue I: Amendment 6 of the United States Constitution and Article 6 of the Alabama Constitution guarantees representation of counsel in all stages of the criminal proceeding. Due process is a fundamental right afforded to all citizens of the United States.

The Petitioner has shown in his arguments that the quality of representation by his Defense Counsel was below the standard that the courts have set out in <u>Strickland Vs. Washington</u>, and in a more recent ruling <u>Wiggins Vs Smith</u>.

FILED
MAY 28 2004
Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

EXHIBIT
3

Therefore the Petitioner prays that this Honorable Court grant him an evidentiary hearing to establish the facts and determine if a new trial with adequate representation of defense counsel is warranted.

Issue II: Due process of law is guaranteed by the 5th, 6th and 14th Amendments to the United States Constitution and the Constitution of Alabama. It is abundantly clear that the court violated the defendants due process rights when it allowed the District Attorney to recommend a sentence after he agreed not to do so during the plea agreement. The Petitioner respectfully request that this court grant the Petitioner an evidentiary hearing to establish if the Petitioners claim is valid and if as a result of this due process violation, a new plea agreement and sentencing hearing is warranted.

Issue III: Under the Constitution of the United States and the Constitution and laws of the State of Alabama, one has the right to appeal even if he has pleaded guilty to correct a manifest injustice. This court made an error when instructing the defendant during colloquy as to his right to appeal. This error denied the defendant his right to due process.

There can be no mistake that this is a grievous error that cannot be construed as a harmless error. It is essential that an evidentiary hearing be held to ascertain the validity of this issue, to determine if a new trial or plea is required by law.

Issue IV: The laws recent court opinions are clear as to the issuance of excessive sentences upon conviction, by the trial courts. The due process clause of the 6th Amendment of the United States and the Alabama Constitution is specific as to the deprivation of life, liberty or property, without due process. Excessive sentences are a direct violation of the deprivation of liberty clause.

The court made an error when informing the defendant as to the actual maximum sentence he could receive by his guilty plea, which left the defendant misinformed to make a reasonable and rational decision as to either pleading guilty or going to a Jury trial. An evidentiary hearing is necessary on this issue to determine if the defendants due process rights were violated and if a new sentencing hearing is required by law.

Issue V: The 6hthAmendment to the United States Constitution and the Constitution of Alabama states: " No person shall be held to answer for a capital, or otherwise infamous, crime unless on presentment or indictment of a grand jury. ...." The indictment in Petitioners case was void since it contained the charges of 1st degree and 2nd degree rape and/or sodomy. Therefore, this court did not have jurisdiction to accept a guilty plea or impose sentence after accepting a guilty plea.

<u>Allen Vs. State,</u> 472

So. 2d 1122 (Ala. Crim. App. 1985) is specific in this regard, and also in more recent case <u>Hall Vs. State,</u> 655 So. 2d 51 (Ala. Crim. App. 4995), the courts stated: "A trial court was without jurisdiction to accept guilty pleas for rape in the 2nd degree and sodomy in the 2nd degree are not lesser included offenses of their counterpart ...."

The Petitioners due process rights were violated when this court accepted the guilty plea and sentenced the defendant on a void indictment. This issue has enough merit to warrant an evidentiary hearing to establish if the indictment was void and therefore the Petitioner be entitled to a new trial.

Respectfully submitted this ___27___ day of May 2004.

*Brian Scott Pate*
Brian Scott Pate
Petitioner / Pro-se

## Certificate of Service

I Brian Scott Pate do hereby certify that a copy of the foregoing was mailed to the District Attorney of Houston Co. Alabama by placing same in the U.S. Mail with sufficient 1st class postage attached to the address listed below on this, the __27__ day of May 2004.

*Brian Scott Pate*
Brian Scott Pate
Petitioner, Pro-se

Douglas Albert Valeska
District Attorney
Twentieth Judicial Circuit of Alabama
P.O. Box 1632
Dothan, Alabama 36302