IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN SCOTT PATE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. |
| ) | 1:06-CV-500-MHT |
| TERRANCE McDONNELL, WARDEN, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

## SUPPLEMENTAL ANSWER

Come now the Respondents, in the above styled cause by and through the Attorney General of the State of Alabama, and in response to this Court's order of October 23, 2006, to provide the Court with a Supplemental Answer, makes the following response.

1. Pate's claims raised in his federal habeas corpus petition-- namely; that his conviction was obtained by a plea of guilty, which was unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the plea; that he was denied effective assistance of counsel; that he was denied right to appeal; that the trial court was without the jurisdiction to accept the guilty plea, render the judgment or to impose the sentence, because his

indictments were allegedly improper and void; and, that he was denied due process by the appellate courts of Alabama when they denied his notice of appeal on his Rule 32 as being untimely filed -- have been procedurally defaulted due to his failure to exhaust them in state court. Because Pate's appeal of the circuit court's denial of his Rule 32 petition was untimely filed, he failed to raise these claims to the Alabama Court of Criminal Appeals or raise them in a proper petition for certiorari filed with the Supreme Court of Alabama.

2. A petitioner for habeas relief is required to comply with the state courts' procedural requirements in first submitting the claims to those courts; otherwise, the claims are considered unexhausted and barred from federal habeas review. "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F. 3d 1308, 1313 (11th Cir. 2001). If a state court rejects a petitioner's claim on state procedural grounds, that rejection will generally preclude any subsequent federal habeas review of that claim. Id. In addition, for purposes of exhaustion, the habeas claims must have been presented throughout the state appellate court system. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v.

Jones, 348 F. 3d 1355, 1358-59 (11th Cir. 2003) (citing Boerckel, 526 U.S. at 845, 119 S. Ct. at 1732-1733). The certiorari review procedure of the Supreme Court of Alabama falls within the Boerckel rule. Smith v. Jones, 256 F. 3d 1135, 1140 (11th Cir. 2001). "Under Alabama law, 'one complete round' of review... includes: (1) filing a petition for certiorari in state circuit court, see Johnson v. State, 729 So. 2d 897, 898 (Ala. Crim. App. 1997); (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals, see Ala.Code § 12-3-9 (2003); Johnson, 729 So. 2d at 898; (3) petitioning the Alabama Court of Criminal Appeals for rehearing, see Ala. R. App. P. 39(c)(1); and (4) seeking discretionary review in the Alabama Supreme Court, see Ala. R. App. P. 39 (c)." Dill v. Holt, 371 F. 3d 1301, 1303 (11th Cir. 2004).

    3. Pate failed to raise these claims on direct appeal of his conviction or during his Rule 32 proceedings in an appeal to the Alabama Court of Criminal Appeals or in a proper petition for certiorari filed with the Supreme Court of Alabama. Pate's Rule 32 appeal was dismissed as untimely and his claims failed to make 'one complete round' of state court review. Pate's federal habeas claims are unexhausted; and, thus, procedurally defaulted.

## CONCLUSION

Based upon the foregoing authorities and facts, Pate's federal habeas corpus petition should be dismissed with prejudice.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:


s/Madeline Hinson Lewis
Madeline Hinson Lewis
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Brian Scott Pate, AIS # 229345, Kilby Correctional Facility, P.O. Box 150 Mt Meigs, AL 36057.

/s/ Madeline Hinson Lewis
Madeline Hinson Lewis (HIN032)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: Mlewis@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300

195840/98854-001