IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRIAN SCOTT PATE
 PETITIONER, pro se

VS.

   CASE NO: 1:06-CV-500 MHT

TERRANCE McDONNELL, WARDEN
et al.,
 RESPONDENTS

## RESPONSE TO RESPONDENTS ANSWER

COMES NOW THE PETITIONER, BRIAN SCOTT PATE, pro se, AND PURSUANT TO THIS COURTS ORDER DATED OCTOBER 31, 2006, SUBMITS THE FOLLOWING RESPONSE TO THE RESPONDENTS ANSWER.

THE RESPONSE TO PETITIONERS HABEAS CORPUS, IS MOOT. THE PETITIONER STATES THE FOLLOWING IN SUPPORT OF THIS CLAIM:

1. PETITIONER DID FILE A TIMELY NOTICE OF APPEAL. AFTER PETITIONERS EVIDENTIARY HEARING PETITIONER WAS HELD IN THE HOUSTON COUNTY JAIL FOR A PERIOD OF 26 DAYS WITHOUT ACCESS TO A LAW LIBRARY, WITHOUT ACCESS TO THE REQUIRED FORMS NECESSARY TO FILE HIS NOTICE OF APPEAL AND WITHOUT THE BENIFIT OF ASSISTANCE FROM HIS ATTORNEY OF RECORD, ERIC DAVIS, AT HIS EVIDENTIARY HEARING. PETITIONER WAS NOTIFIED ON 12-2-04 BY THE CIRCUIT COURT CLERK THAT HIS RULE 32 WAS DENIED, (EXHIBIT 1D) CASE ACTION SUMMARY SHEET. PETITIONER FILED HIS NOTICE OF APPEAL ON 1-7-05 (EXHIBIT 1D) CASE ACTION SUMMARY SHEET, 40 DAYS AFTER RECEIPT OF NOTICE BY THE CIRCUIT COURT THAT HIS RULE 32 HAD BEEN DENIED AS EVIDENCED BY THE RETURN RECEIPT SIGNED BY THE CIRCUIT COURT CLERK ON 1-7-05, (EXHIBIT 2, PAGE 4). NOT WITHSTANDING, DESPITE THE 26 DAYS PETITIONER WAS HELD IN THE HOUSTON

County Jail and the 10 days of Christmas, Thanksgiving and New Years Holidays. Petitioner did not have access to a law library or the forms required by the state to file his appeal, he still was able to file his notice of appeal within the 42 days required by the Alabama Rules of Appellate Procedure, after he was notified in writing on 12-2-04 that his Rule 32 Petition was denied.

Therefore the assertion by the State that Petitioners Notice of Appeal of his Rule 32 was untimely filed is moot. Upon denial of his Notice of Appeal by the Alabama Court of Criminal Appeals, as being untimely filed, Petitioner immediately filed with the Appellate Courts a Motion for Reconsideration (Exhibit 2). Also upon dismissal of this Motion for Reconsideration to the Alabama Court of Criminal Appeals, Petitioner immediately filed with the Alabama Supreme Court, a Writ of Certiorari and Writ of Certiorari Brief challenging the dismissal of his Notice of Appeal of his Rule 32, by the Alabama Court of Criminal Appeals, which was also denied.

Petitioner made every effort to comply with the time restraints to file Notice of Appeal and he also made every effort to get the State Courts to accept his Notice of Appeal of his Rule 32. The dismissal of Petitioners Notice of Appeal by the State Courts as untimely filed was in error and their refusal to accept Petitioners Notice of Appeal, denied him access to the Appellate Courts of Alabama, which denied him Due Process and Equal Protection under the Law as guarenteed by the 6th and 14th Amendments. This severly prejudiced the Petitioner and was a fundimentaly unfair application of State and Federal Law. See Wainright v. Sykes 433 U.S. 72 (1977)

2. Respondents assert that Petitioners claim that the court was without jurisdiction to accept a guilty plea or render judgment or to impose sentence, are not cognizable under state law, is totally incorrect and is in direct conflict with the Code of Alabama Title 13A-6-61 & 13A-6-22, and prior Alabama Appellate Court opinions in Allen v. State, 472 So 2d 1122 (Ala. Crim. App. 1985), Hall v. State 655 So 2d 51 (Ala. Crim. App. 1995) and R.J.K. v. State, 782, So 2d 851, 2000 AL. Crim. App. Lexis 168 (Ala. Crim. App. 2000).

Petitioners indictments contained both, Count 1 Rape 1st degree and Count 2, Rape 2nd degree. The elements necessary to convict on Rape 1st degree are different than those of Rape 2nd degree, namely the age factor. In Rape 1st degree the victim is 12 or under and in Rape 2nd degree the victim is more than 12 years old.

In Allen v. State, Id., the Appellate Courts held:

"Rape 2nd degree is not a lesser included offense of Rape in the 1st degree, since the proof necessary to establish the offense of Rape 1st degree (the greater offense) does not of necessity establish every element of the offense of Rape in the second degree (the lesser offense). It must be impossible to commit the greater offense without first committing the lesser offense, if the lesser offense is to be an included offense of the greater."

"A trial court was without jurisdiction to accept guilty plea for Rape 2nd degree and Sodomy 2nd degree where the indictment charging Rape 1st degree and Sodomy 1st degree could not be amended because Rape 2nd degree and Sodomy 2nd degree are not lesser included offenses of their 1st degree counterparts..." Hall v. State 655 So 2d 51 (Ala. Crim App 1995)

"The Trial Court lacked jurisdiction to accept the guilty plea of the defendant to 2nd degree Rape... because the indictment for 1st degree

(3)

did not encompass 2nd degree rape, as the two charges require different proof with regards to age." R.J.K. v. State, 782, So 2d 851, 2000 AL. Crim. App., Lexis 168 (Ala. Crim. App. 2000)

This issue of the improper indictments are jurisdictional and thus not precluded by the bars of Rule 32. Once a jurisdictional issue is presented it is the duty of the courts to insure the state present sufficient evidence to refute the claim. The trial court refused to address this issue only addressing the ineffective assistance of counsel issues. The petitioner presented this issue in a proper fashion and supported his claim the indictments were void because they encompassed both 1st & 2nd degree rape & sodomy charges.

The state's own appellate courts have repeatedly ruled that the trial court was without jurisdiction to accept a guilty plea of 1st degree rape when the indictment charged it's 1st degree counter part.

The federal courts have admonished the arbitrary actions taken by government to obtain an indictment or conviction.

"The touchstone of due process is the protection of the individual against arbitrary actions of government." Dent v. West Va., 128 US 114, 123 · 32 L.ed 623, 95. CT. 231 (1899)

Your petitioner asserts that the only plausable reason to include both 1st degree rape & sodomy and 2nd degree rape & sodomy in the indictment was to either inflame the jury to obtain a conviction if the case went to trial or to use the threat of the possible life sentence for the 1st degree charges, to obtain a guilty plea for the 2nd degree charges that warranted a maximum of 20 years.

It should be obvious to this court that the fundimentally unfair practices of the prosecuting attorney of seeking an indictment he knew was improper, denied the petitioner due process as guarenteed by the 6th Amendment to the U.S. Constitution.

(4)

3. Petitioners assertion that his sentence was excessive and thus was prejudicial and a direct result of the state's manipulation of the plea agreement.

Petitioner, agreed to plead guilty to each of the 12 counts for a maximum sentence of 20 years. The state then accepted his plea and sentenced him to 20-12 year sentences, the maximum he could have received if found guilty by jury. It makes no plausable sence that a defendant would accept a 240 year sentence at a plea hearing. The court failed to properly set out the minimum & maximum sentence the petitioner could receive during the cologuy phase of the plea agreement, as argued in petitioners Rule 32 (Exhibit 2 page 13-)

This trickery on the part of the District Attorney and the trial court, severly prejudiced the defendant and is most definately an obvious application of the fundimately unfair principal and miscarrage of justice outlined in WAINWRIGHT V. SYKES, 433 U.S. 72 (1977) and SCHLUP V. DELO, 513 U.S. 298 820 (1995)

It is obvious that the sentence handed down by the Houston County Circuit Court, denied the petitioner due process & equal protection as guarenteed by the 6th and 14th Amendments to the U.S. Constitution.

The Alabama Appellate Courts, in prior opinions have set the standard for excessive sentencing:

"Where the defendant was convicted of six counts of rape in the 2nd degree and was sentenced to 20 years for each count, with the sentences to run concurrently, the defendants sentence was proper." STONE V. STATE, 579 So 2d 702 (Ala. Crim. App. 1991)

(5)

4. THE RESPONDENTS ASSERT THAT THE PETITIONERS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL IS PRECLUDED FROM REVIEW BECAUSE THE TRIAL COURT ADJUDICATED THIS RULE 32 ISSUE ON THE MERITS.

PETITIONER CLAIMS THAT THE TRIAL COURT DID NOT APPLY PROPER LAW AND PRIOR APPELLATE COURT OPINIONS WHEN DETERMINING THE VALIDITY OF THE PETITIONERS INEFFECTIVE ASSISTANCE CLAIM. THE STANDARD FOR REVIEW SET OUT IN <u>STRICKLAND V. WASHINGTON</u> WAS NOT APPLIED TO THE ISSUES PRESENTED FOR REVIEW BY THE PETITIONER. THE PETITIONER CLAIMED THAT HIS TRIAL COUNSEL 1.) FAILED TO INSURE THAT THE COURT STATED THE PROPER MINIMUM AND MAXIMUM SENTENCE POSSIBLE DURING THE COLOQUE AT THE PLEA HEARING. 2.) THAT TRIAL COUNSEL FAILED TO ENSURE THAT THE PETITIONER WAS INFORMED THAT THE 12/20 YEAR SENTENCES COULD BE RUN CONSECUTIVELY AND TO ENSURE THAT THE PETITIONER WAS TOTALY AWARE THAT THIS COULD MEAN HE COULD RECEIVE UP TO 240 YEARS. 3.) AT THE SENTENCING HEARING TRIAL COUNSEL FAILED TO ENSURE THAT THE STATE OBIDED BY THE PLEA AGREEMENT OF 20 YEARS AND TO OBJECT TO THE CONSECUTIVE SENTENCES. 4.) TRIAL COUNSEL FAILED TO IMMEDIATLY INFORM THE COURT THAT THE PETITIONER WOULD APPEAL THE SENTENCE. IN FACT TRIAL COUNSEL INFORMED THE PETITIONER THAT HE COULD NOT APPEAL BECAUSE HE PLEAD GUILTY.

ALTHOUGH THERE WAS NO TRIAL WHERE THE PETITIONER COULD POINT OUT NUMEROUS DEFICIENCIES IN HIS COUNSELS REPRESENTATION, THE GROSS NEGLIGANCE BY TRIAL COUNSEL DURING THE PLEA AND SENTENCE RESULTED IN THE PETITIONER RECEIVING NOT 20 YEARS AS AGREED IN HIS PLEA, BUT AN EXCESSIVE SENTENCE OF 240 YEARS.

IT SHOULD BE OBVIOUS THAT THE PETITIONER'S COUNSEL WAS NOT AN ADVICATOR FOR HIS CLIENT AND HIS PERFORMANCE WAS SUB-STANDARD WHICH DENIED THE PETITIONER DUE PROCESS CONSISTANT WITH THE 6TH AMENDMENT

(6)

to the United States Constitution.

In PARKS V. U.S. the 11th Circuit held:

"Due Process protects a defendants right not to be sentenced on the bases of false information and invalid promises." PARKS V. US, 832 F 2d 1244, 1246 (11th Cir. 1987) See also: U.S. V. TUCKER, 404 US 443, 92 SCT 589, 30 LED 2d 592 [1972] and U.S. V. DARBY, 744 F. 2d 1508, 1532 (11th Cir. 1987) cert. denied 471 U.S. 1100, 105 S. Ct. 2322-23, 85 LED 2d. 841 [1985].

It is not required that a petitioner prove all the standards for review as outlined in STRICKLAND V. WASHINGTON only that the petitioner show that the trial court was fundimentaly unfair and this unfairness prejudiced the petitioner and denied him due process and equil protection consistant with the 6th and 14th Amendments to the United States Constitution.

Petitioner feels he has shown this to this courts and as a result his conviction and sentence obtained by deceiptful practices of the Houston County District Attorney and Circuit Court, be reversed.

### Conclusion

The petitioner states that he, not being a learned attorney, versed in law, was deceived by the courts of Houston County Alabama. That since he had never stepped into a court room prior to this case, was totaly dependant upon his attorney of record to guide him and to protect his rights with respect to the Constitution of Alabama and the U.S. Constitution. Obviously this did not happen and now petitioner is seeking justice from this Honorable Court.

Respectfully Submitted

*Brian Scott Pate*
BRIAN SCOTT PATE, PRO-SE.

(7)

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PURJERY AND PURSUANT TO 28 USC § 1746, RULE 25(6)(2)(6) I BRIAN SCOTT PATE, DO HEREBY CERTIFY THAT I HAVE PLACED THE ORIGINAL AND ONE (1) COPY OF THE FOREGOING, IN THE INSTITUTIONAL LEGAL MAIL, WITH SUFFICIENT U.S. POSTAGE ATTACHED, TO THE CLERK OF THE UNITED STATES DISTRICT COURT, FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION (ORIGINAL) AND TO THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, (COPY) ON THIS THE 19th DAY OF NOVEMBER 2006.

*Brian Scott Pate*

BRIAN SCOTT PATE, PRO-SE
229345/K-2
P.O. BOX 150
MT MEIGS, AL 36057

ORIGINAL TO:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, AL 36101-0711

COPY TO:
STATE OF ALABAMA
OFFICE OF ATTORNEY GENERAL
11 SOUTH UNION ST.
MONTGOMERY, AL 36130-0152