IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| BRIAN SCOTT PATE, #229 345 | * | |
| Petitioner, | * | |
| v. | * | 1:06-CV-500-MHT |
| | | (WO) |
| TERRANCE MCDONNELL, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Brian Pate. Petitioner challenges his convictions, pursuant to his plea of guilty, for second degree sodomy and ten counts of second degree rape entered against him by the Circuit Court for Houston County, Alabama, on March 6, 2003. The trial court sentenced Petitioner to consecutive terms of twenty years imprisonment on each conviction. Petitioner did not appeal his guilty plea convictions. (*Doc. No. 18*.)

Petitioner filed a post-conviction petition with the trial court on May 17, 2004 and an amended petition on May 28, 2004. In the petition, as amended, he alleged the following grounds for relief: (1) ineffective assistance of counsel; (2) trial court error in accepting a "blind plea" from Petitioner; (3) trial court error with respect to the instructions it gave

Petitioner regarding withdrawal of his guilty plea and the filing of an appeal from the guilty plea convictions; (4) trial court error with respect to instructions it gave to Petitioner regarding the possible range of punishment that could result from entry of Petitioner's guilty plea; (5) lack of jurisdiction by the trial court to accept Petitioner's guilty plea due to a void indictment; and (6) trial court error in permitting the State to recommend a sentence where it agreed not to do so during the plea agreement. The trial court appointed counsel to represent Petitioner during his Rule 32 proceedings. Following the November 19, 2004 evidentiary hearing, the trial court denied Petitioner's post-conviction petition. On January 10, 2005 Petitioner filed notice of appeal from the trial court's ruling. The Alabama Court of Criminal Appeals denied the appeal as untimely on February 2, 2005 and entered a certificate of judgment the same day. Petitioner then filed a motion to reconsider on February 28, 2008 which the appellate court denied on March 2, 2005. In a petition for writ of certiorari filed with the Alabama Supreme Court on or about March 9, 2005, Petitioner sought to challenge the appellate court's determination that the appeal from the denial of his Rule 32 petition was untimely. The Alabama Supreme Court denied the certiorari petition on May 13, 2005. (*Doc. No. 18, Exhs. 1(A)-1(B) - 6; Doc. No. 20, Exhs. 1-5.*)

Petitioner filed the instant application for habeas corpus relief on January 30, 2006.[1] He presents five claims for relief. Specifically, Petitioner claims:

- His guilty plea was not entered knowingly, voluntarily, or with an understanding of the nature of the charges and consequences of the plea;

- He was denied the effective assistance of counsel;

- The trial court improperly instructed him on his ability to appeal his guilty plea convictions;

- The trial court lacked jurisdiction to accept his guilty plea and enter judgment because Petitioner's indictment was improper and, thus, void;

- The Alabama Court of Criminal Appeals violated his right to due process by denying the appeal of his Rule 32 petition as untimely.

(*Doc. No. 1*.)

Respondents filed an answer in which they contend that Petitioner's habeas petition is due to be denied because his claims are procedurally defaulted. In support of their procedural default argument, Respondents contend that Petitioner's claims were not

---

[1] Petitioner originally filed this petition in the United States District Court for the Southern District of Alabama. That court transferred the petition to this court where it was received June 2, 2006. Although the transferring court stamped the petition "filed" on February 10, 2006, an inmate account clerk certified the *in forma pauperis* affidavit submitted with the petition on January 30, 2006 and Petitioner signed the request for *in forma pauperis* status on that date as well. Thus, it is clear that Petitioner had these documents within his possession at such time and could, therefore, not have submitted them to prison officials for mailing prior to January 30, 2006. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing, the court construes January 30, 2006 as the date of filing.

presented to the state courts in accordance with the state's procedural rules. Petitioner took advantage of the opportunity granted to respond to Respondents' contention. After reviewing the § 2254 petition, Respondents' answer, and Petitioner's response, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

Respondents assert that Petitioner has procedurally defaulted all the claims presented in his habeas corpus petition. In support of their default argument, Respondents maintain that Petitioner failed to present his claims to the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). Specifically, Respondents argue that the claims presented in the instant petition are either raised in this court for the first time or were not presented properly in state court in accordance with the state's procedural rules. (*See Doc. Nos. 18, 22*.)

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Thus, claims which have never been presented to a

state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted). In the instant action, Petitioner's challenges to his convictions are defaulted due to his failure to present his claims in accordance with the state's procedural rules.

This court may reach the merits of Petitioner's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. . . . Second, a

5

federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

### A. Cause and Prejudice

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.

The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise his claims in the state courts properly and prejudice resulting from this failure. In his response, Petitioner states that following an evidentiary hearing on his post-conviction petition in the Circuit Court for Houston County, he remained in the Houston County Jail for 26 days. Although the circuit court clerk notified him on December 2, 2004 that his post-conviction petition had been denied, Petitioner asserts as cause for his default that during the time he remained in the county jail he did not have access to a law library, assistance of counsel, or the forms necessary to file an appeal from the trial court's decision. Petitioner further claims that the state court's failure to accept his appeal as timely was error

and denied him access to the courts, due process, and equal protection. Alternatively, Petitioner claims that his appeal was timely since he filed it within 42 days of the circuit clerk's notice of the trial court's ruling which he received on December 2, 2004.[2]

Petitioner's contention that the Houston County Jail did not have a law library or pre-printed legal forms which impeded his ability to timely file notice of appeal is insufficient cause to excuse his default. The records before the court reflect that Petitioner remained in the Houston County Jail for 26 days following completion of his Rule 32 proceedings in the Circuit Court for Houston County after which time he was transported back to his permanent institution in the custody of the Alabama Department of Corrections. This left Petitioner with approximately two weeks to file the necessary documents in compliance with the State's procedural rules. The court is not persuaded that Petitioner's procedural default should be excused based on his conclusory assertion that he lacked access to a law library during a portion of the time his appeal period was running. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000); *see also Helton v. Sec. for the Dep't. of Corrs.,* 1310, 1314-15 (11th Cir. 2001) (citing *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) ( "Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims . . . . It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was

---

[2] The court notes that in Petitioner's motion to reconsider wherein he asked the Alabama Court of Criminal Appeals to reconsider its decision denying his appeal from the denial of his Rule 32 petition as untimely, he states that "[a]t the conclusion of the [Rule 32] hearing the Petitioner was told he had 42 days to file NOTICE of APPEAL." (*Doc. No. 18, Exh. 2 at 1*) (emphasis in original).

inadequate." )). Further, to the extent Petitioner may be understood to allege that he is uneducated and/or ignorant with respect to legal proceedings, this claim likewise provides no basis for relief from applicable procedural bars. Reliance on *pro se* status and/or an attendant lack of legal knowledge do not constitute cause sufficient to relieve Petitioner from the applicable procedural bar as neither an inmate's lack of legal knowledge, his failure to understand legal principles, nor his inability to recognize potential claims for relief at an earlier juncture constitute extraordinary circumstances required to warrant such relief. *Harmon v. Barton,* 894 F.2d 1268 (11th Cir. 1990); *Smith v. Newsome,* 876 F.2d 1461 (11th Cir. 1989); *Spencer v. Kemp,* 781 F.2d 1458, 1462 (11th Cir. 1986); *Miller,* 141 F.3d at 978 (equitable relief from procedural bar not justified by fact that petitioner did not understand the law); *see also Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable relief); *Wakefield v. Railroad Retirement Board,* 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling."); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.' *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).").

Petitioner also asserts that his procedural default should be excused because he did not have counsel to assist him on appeal from the denial of his post-conviction petition. The law is well settled, however, that there is no federal constitutional right to counsel in state

8

post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 556-557 (1987); *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006), *modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006); *Henderson*, 353 F.3d at 892; *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993); *Presnell v. Zant,* 959 F.2d 1524, 1532 n. 6 (11th Cir. 1992). Consequently, the lack of representation during state collateral proceedings cannot establish "cause" for a procedural default. "Since [the petitioner] had no sixth amendment right to counsel, he bears the burden of his failure to act in compliance with [the state's procedural rules]." *McCoy v. Newsome*, 953 F.2d 1252, 1259 (11th Cir. 1992).

Finally, Petitioner's allegation that the appellate court erred in its determination that his appeal from the trial court's denial of his Rule 32 petition was untimely likewise fails to demonstrate cause for his default. The state courts relied on state procedural rules in determining that Petitioner's time for filing notice of appeal had passed and this court must give deference to the state court's decision. *See Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996). Therefore, Petitioner's contention does not constitute "cause" for his procedural default.

Based on the foregoing, the court finds that Petitioner has not established the existence of any "objective factor external to the defense that prevented [him] from raising the claim[s] and which cannot be fairly attributable to his own conduct." *Murray*, 477 U.S. at 488. Petitioner has, therefore, failed to demonstrate cause for his failure to present his claims to the state courts in compliance with applicable procedural rules nor has he shown the existence of actual prejudice emanating from infringement of federal law. Nevertheless,

9

this court may still reach the merits of Petitioner's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### B.  Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Although an actual innocence claim "can itself be defaulted is not to say that the procedural default may not *itself* be excused if the petitioner can satisfy the cause-and-prejudice standard [or fundamental miscarriage of justice exception] with respect to that claim." *Edwards v. Carpenter,* 529 U.S. 446 (2000) (emphasis in original). Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Schlup*, 513 U.S. at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*.  "[T]he *Schlup* standard is demanding and permits review only in the  'extraordinary' case." *House v. Bell,* 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006) (citations omitted). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." *Id*. at 537, 126 S.Ct. at 2077.

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley  v.*

*United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id.* at 324.

Petitioner fails to make the requisite showing. He presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Brian Pate be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 25, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 12th day of September 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE